Spencer R. WIGGINS, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 45A03–0912–CR–613.

Court of Appeals of Indiana.

May 24, 2010.

Spencer R. Wiggins, New Castle, IN, Appellant Pro Se.

Gregory F. Zoeller, Attorney General of Indiana, J.T. Whitehead, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BARNES, Judge.

### Case Summary

Spencer Wiggins appeals the trial court's denial of his motion to remove his status as a sexually violent predator. We affirm.

### Issue

Wiggins raises four issues, which we consolidate and restate as whether the trial court properly denied his motion to remove his status as a sexually violent predator.

### Facts

In 1995, the State charged Wiggins with several offenses. On January 6, 1996, a jury found Wiggins guilty of attempted murder as a Class A felony, rape as a Class A felony, criminal deviate conduct as a Class A felony, robbery as a Class A felony, and confinement as a Class B felony. The trial court sentenced Wiggins to concurrent sentences of twenty years for each of the attempted murder, rape, criminal deviate conduct, and robbery convictions, and merged the confinement conviction. We affirmed Wiggins's convictions on direct appeal. *Wiggins v. State,* Cause No. 45A04–9605–CR–165 (Ind.Ct.App. Feb. 24, 1997).

On November 19, 2009, Wiggins, who is still incarcerated, filed a pro se motion to remove his status as a sexually violent predator on the Indiana Sex Offender Registry. Wiggins alleged that the Department of Correction ("DOC") had classified him as a sexually violent predator and that the trial court did not make the sexually violent predator determination by consulting with a board of experts. According to Wiggins, he is being retroactively punished, he did not receive a hearing to determine whether he posed a future danger, and his status as a sexually violent predator could only be made by the trial court at the original sentencing hearing. On November 24, 2009, the trial court denied Wiggins's motion. Wiggins now appeals.

### Analysis

Wiggins argues that the trial court erred when it denied his motion to remove

his status as a sexually violent predator. Wiggins contends that the DOC has classified him as a sexually violent predator on the Indiana Sex Offender Registry without notice or a hearing. *See* Ind.Code Chapter 11–8–8 (Indiana Sex Offender Registry Act); Ind.Code § 35–38–1–7.5 (governing sexually violent predators). According to Wiggins, when he committed his offenses, "the term 'sexual violent predator' did not exist and there was no statute in effect that provided a procedure to determine him as a sexually violent predator...." Appellant's Br. p. 8. Based upon our supreme court's decisions in *Wallace v. State*, 905 N.E.2d 371, 374–376 (Ind.2009), and *Jensen v. State*, 905 N.E.2d 384 (Ind. 2009), Wiggins argues that the application of the sexually violent predator statutes to him violates the prohibition against ex post facto laws.[1]

Since *Wallace* and *Jensen*, the proper method for challenging a person's status as a sex offender has been the subject of much confusion. The State argues that the trial court did not have jurisdiction to rule on Wiggins's motion. According to the State, Wiggins's motion should have been presented in a post-conviction proceeding. The State concedes that, in the end, *Wallace* and/or *Jensen* may or may not apply to Wiggins. What is patently clear is that we simply do not have enough information to make a determination as to whether Wiggins should be required to continue registering as a sexual violent predator.

Our research reveals that the 2010 session of the Indiana General Assembly enacted an amended statute that was effective March 24, 2010, and provides guidance on the appropriate procedures for challenging a person's status as a sex offender. Indiana Code Section 11–8–8–22 as amended provides:

(a) As used in this section, "offender" means a sex offender (as defined in section 4.5 of this chapter) and a sex or violent offender (as defined in section 5 of this chapter).

(b) Subsection (g) applies to an offender required to register under this chapter if, due to a change in federal or state law after June 30, 2007, an individual who engaged in the same conduct as the offender:

(1) would not be required to register under this chapter; or

(2) would be required to register under this chapter but under less restrictive conditions than the offender is required to meet.

(c) A person to whom this section applies may petition a court to:

(1) remove the person's designation as an offender; or

(2) require the person to register under less restrictive conditions.

(d) A petition under this section shall be filed in the circuit or superior court of the county in which the offender resides. If the offender resides in more than one (1) county, the petition shall be filed in the circuit or superior court of the county in which the offender resides the greatest time. If the offender does not reside in Indiana, the petition shall be filed in the circuit or superior court of the county where the offender is employed the greatest time. If the offender does not reside or work in Indiana, but is a student in

---

1. Among other things, "[t]he ex post facto prohibition forbids the Congress and the States to enact any law 'which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed.'" *Jensen*, 905 N.E.2d at 389 (quoting *Weaver v. Graham*, 450 U.S. 24, 28, 101 S.Ct. 960, 964, 67 L.Ed.2d 17 (1981)).

Indiana, the petition shall be filed in the circuit or superior court of the county where the offender is a student. If the offender is not a student in Indiana and does not reside or work in Indiana, the petition shall be filed in the county where the offender was most recently convicted of a crime listed in section 5 of this chapter.

(e) After receiving a petition under this section, the court may:

(1) summarily dismiss the petition; or

(2) give notice to:

(A) the department;

(B) the attorney general;

(C) the prosecuting attorney of:

(i) the county where the petition was filed;

(ii) the county where offender was most recently convicted of an offense listed in section 5 of this chapter; and

(iii) the county where the offender resides; and

(D) the sheriff of the county where the offender resides;

and set the matter for hearing. The date set for a hearing must not be less than sixty (60) days after the court gives notice under this subsection.

(f) If a court sets a matter for a hearing under this section, the prosecuting attorney of the county in which the action is pending shall appear and respond, unless the prosecuting attorney requests the attorney general to appear and respond and the attorney general agrees to represent the interests of the state in the matter. If the attorney general agrees to appear, the attorney general shall give notice to:

(A) the prosecuting attorney; and

(B) the court.

(g) A court may grant a petition under this section if, following a hearing, the court makes the following findings:

(1) The law requiring the petitioner to register as an offender has changed since the date on which the petitioner was initially required to register.

(2) If the petitioner who was required to register as an offender before the change in law engaged in the same conduct after the change in law occurred, the petitioner would:

(A) not be required to register as an offender; or

(B) be required to register as an offender, but under less restrictive conditions.

(3) If the petitioner seeks relief under this section because a change in law makes a previously unavailable defense available to the petitioner, that the petitioner has proved the defense.

The court has the discretion to deny a petition under this section, even if the court makes the findings under this subsection.

(h) The petitioner has the burden of proof in a hearing under this section.

(i) If the court grants a petition under this section, the court shall notify:

(1) the victim of the offense, if applicable;

(2) the department of correction; and

(3) the local law enforcement authority of every county in which the petitioner is currently required to register.

(j) An offender may base a petition filed under this section on a claim that the application or registration requirements constitute ex post facto punishment.

(k) A petition filed under this section must:

(1) be submitted under the penalties of perjury;

(2) list each of the offender's criminal convictions and state for each conviction:

(A) the date of the judgment of conviction;

(B) the court that entered the judgment of conviction;

(C) the crime that the offender pled guilty to or was convicted of; and

(D) whether the offender was convicted of the crime in a trial or pled guilty to the criminal charges; and

(3) list each jurisdiction in which the offender is required to register as a sex offender or a violent offender.

(*l*) The attorney general may initiate an appeal from any order granting an offender relief under this section.

The procedures set out in the amended statute allow the trial court, and this court on appeal, to be fully informed of a sex offender's circumstances, including the offender's full criminal history, dates of offenses, and reason for being required to register. Further, all interested parties are given notice of the proceedings. For these reasons, we direct Wiggins to file a petition in the proper county pursuant to the amended Indiana Code Section 11–8–8–22.

### Conclusion

We affirm the trial court's denial of Wiggins's petition. However, because of the General Assembly's amendment of Indiana Code Section 11–8–8–22, effective March 24, 2010, we direct Wiggins to file an amended petition in compliance with Indiana Code Section 11–8–8–22. Wiggins should file the petition in the county in which he resides, pursuant to Indiana Code Section 11–8–8–22(d). We direct the trial court in that county to consider the petition in light of the amended Indiana Code Section 11–8–8–22.

Affirmed.

BAILEY, J., and MAY, J., concur.