In re **STATE OF OHIO CONVICTION AGAINST Mickey Shawn GAMBLER.**

No. 02A04–1008–CR–509.

Court of Appeals of Indiana.

Jan. 10, 2011.

---

Gregory F. Zoeller, Attorney General of Indiana, Kathy Bradley, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

## OPINION

ROBB, Chief Judge.

### Case Summary and Issue

The Indiana Department of Correction ("DOC") appeals the trial court's order removing Mickey Shawn Gambler from the Indiana sex offender registry. DOC raises one issue for review, which we restate as: whether the trial court erred in ordering Gambler removed from the Indiana sex offender registry without providing notice to the appropriate parties or holding a hearing. Concluding the trial court erred by not providing notice to the appropriate parties or holding a hearing, we reverse and remand.

### Facts and Procedural History

On April 23, 2010, the Allen Superior Court received a letter from Gambler, which stated:

> I am writing to talk to you about me being on the Sex Offender Registry. I caught a GSI which is Gross Sexual Improsition [sic] out of Ohio. I caught the case back in 1994. I was to register for 10 years. While I was on the Registry the new law took effect where you have to register for life. I was sentenced before the new law so they let me off the Registry for Allen County but I am asking to be taken off the Registry for all of Indiana. Which will include my name and picture. That way I will not be on the computer at all. I caught my case in 1994 and I have not caught any other Sex cases at all so please take that in consideration when making your decision about me being· taken off the State Of Indiana Sexual Registry all together. ＊ ＊ ＊

Appendix of Appellant at 5.

On April 30, 2010, the Allen Superior Court issued an order taking judicial notice of Gambler's letter, construing it as a motion to remove him from the sex offender registry, and making additional findings as to Gambler's court records. This order "direct[ed] ... Gambler ... to effectuate service of [his letter] to all parties of rec-

ord pursuant to the Indiana Trial Rules forthwith." *Id.* at 7. The trial court also forwarded its order, Gambler's letter, and the entire matter to an Allen County court that would have subject matter jurisdiction to rule on the matter.

On May 6, 2010, an Allen County trial court ordered the Allen County Sheriff's Department and DOC to remove Gambler from the Indiana sex offender registry. The order states:

1. . . . Gambler, was convicted of Gross Sexual Imposition in 1995.

2. The offense for which Defendant was convicted occurred in 1994.

3. Pursuant to Indiana Code and *Wallace v. State,* 905 N.E.2d, 371 [sic] (Ind. 2009), the Defendant is not required to register as a sex offender or violent offender on the Indiana State Registry as a result of this conviction in Ohio. WHEREFORE, the Sheriff of Allen County and Indiana Department of Correction are ordered to remove Defendant's name from the Indiana Sex/Violent Offender Registry, based upon conviction in this matter. . . .

*Id.* at 9.

On May 7, the trial court issued notice of the order, and on June 7, DOC filed a motion to intervene and a motion to correct error. On June 11, the trial court granted DOC's motion to intervene, and on July 22, the motion to correct error was deemed denied without a trial court ruling. DOC now appeals.

### Discussion and Decision

■ At the outset, we note that Gambler did not file an appellee's brief. When an appellee fails to file a brief, we need not undertake the burden of developing an argument for the appellee. *Trinity Homes, LLC v. Fang,* 848 N.E.2d 1065,

1068 (Ind.2006). Rather, we will reverse the trial court's judgment if the appellant presents a case of prima facie error. *Id.* "Prima facie error in this context is defined as, at first sight, on first appearance, or on the face of it." *Id.* (quotation omitted). Where an appellant does not meet this burden, we will affirm. *Id.*

■ Gambler sought removal from the state sex offender registry, which is governed by Indiana Code section 11–8–8–22.[1] In pertinent part, this section provides:

(c) A person to whom this section applies may petition a court to:

(1) remove the person's designation as an offender. . . .

* * *

(e) After receiving a petition under this section, the court may:

(1) summarily dismiss the petition; or

(2) give notice to:

(A) the department;

(B) the attorney general;

(C) the prosecuting attorney . . . and

(D) the sheriff of the county where the offender resides;

and set the matter for hearing. The date set for a hearing must not be less than sixty (60) days after the court gives notice under this subsection.

* * *

(g) A court may grant a petition under this section if, following a hearing, the court makes the following findings:

(1) The law requiring the petitioner to register as an offender has changed since the date on which the petitioner was initially required to register.

(2) If the petitioner who was required to register as an offender before the

---

1. Because recent amendments to this statute became effective on March 24, 2010, prior to

initiation of this case, we refer only to the current version of the statute.

change in law engaged in the same conduct after the change in law occurred, the petitioner would:

    (A) not be required to register as an offender; or

    (B) be required to register as an offender, but under less restrictive conditions.

(3) If the petitioner seeks relief under this section because a change in law makes a previously unavailable defense available to the petitioner, that the petitioner has proved the defense.

The court has the discretion to deny a petition under this section, even if the court makes the findings under this subsection.

(h) The petitioner has the burden of proof in a hearing under this section.

* * *

(j) An offender may base a petition filed under this section on a claim that the application or registration requirements constitute ex post facto punishment.

(k) A petition filed under this section must:

    (1) be submitted under the penalties of perjury;

    (2) list each of the offender's criminal convictions and state for each conviction:

        (A) the date of the judgment of conviction;

        (B) the court that entered the judgment of conviction;

        (C) the crime that the offender pled guilty to or was convicted of; and

        (D) whether the offender was convicted of the crime in a trial or pled guilty to the criminal charges; and

    (3) list each jurisdiction in which the offender is required to register as a sex offender or a violent offender.

* * *

Ind.Code § 11–8–8–22.

In addition, we have previously recognized:

    The procedures set out in the [above] statute allow the trial court, and this court on appeal, to be fully informed of a sex offender's circumstances, including the offender's full criminal history, dates of offenses, and reason for being required to register. Further, all interested parties are given notice of the proceedings.

*Wiggins v. State*, 928 N.E.2d 837, 840 (Ind. Ct.App.2010).

The statute is clear that an offender bears the burden of proof, Ind.Code § 11–8–8–22(h), and must initiate this matter by filing a petition with the appropriate court, Ind.Code § 11–8–8–22(c) & (d). A petition and by implication any document purported to be or construed as a petition, must 1) be submitted under the penalties of perjury, 2) list each jurisdiction in which the offender must register, and 3) for each criminal conviction list the offense, the court and date of judgment, and whether the offender pled guilty or was convicted by trial. Ind.Code § 11–8–8–22(k).

In comparison, the letter Gambler sent was not submitted under the penalties of perjury, did not list the required details for each conviction, and did not explicitly state in which jurisdictions he is required to register as a sex offender. Gambler's letter was insufficient to raise the issue of whether the trial court would remove him from the sex offender registry. On the face of it, the trial court erred in determining Gambler's letter provided sufficient information to proceed in this matter.

■ Further, even if Gambler's letter was sufficient to constitute a petition under this statute, the trial court must either summarily dismiss it or give notice to sev-

eral government actors and set the matter for a hearing before proceeding. Ind.Code § 11–8–8–22(e). Prior to granting a petition, the trial court must hold a hearing and make several particular findings. *See* Ind.Code § 11–8–8–22(g). Here, the record does not indicate the trial court provided notice to the necessary government actors or held a hearing on the matter. Therefore, on the face of the record, DOC has demonstrated prima facie error in granting Gambler's petition.

Consequently, we reverse the trial court's order for the Allen County Sheriff and DOC to remove Gambler from the sex offender registry, and on remand, order the trial court to dismiss the case without prejudice subject to further proceedings in the event Gambler files a sufficient petition.

### Conclusion

Gambler's letter was insufficient to constitute a petition to be removed from the Indiana sex offender registry. DOC presents a prima facie case that the trial court erred in concluding otherwise, failing to provide notice to the appropriate government actors, failing to hold a hearing, and ultimately erroneously granting Gambler's request to be removed from the sex offender registry.

Reversed and remanded.

RILEY, J., and BROWN, J., concur.