

FILED

Dec 13 2016, 9:37 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Gregory F. Zoeller
Attorney General of Indiana

Aaron T. Craft
Deputy Attorney General
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Matthew D. Anglemeyer
Marion County Public Defender
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

State of Indiana,

*Appellant-Respondent,*

v.

Douglas Woods Johnston,

*Appellee-Petitioner.*

December 13, 2016

Court of Appeals Case No.
49A02-1606-CR-1222

Appeal from the Marion Superior Court

The Honorable Kurt Eisgruber, Judge

The Honorable Steven J. Rubick, Magistrate

Trial Court Cause No.
49G01-0508-FC-147277

**Bailey, Judge.**

# Case Summary

[1]     The State of Indiana ("the State") appeals the denial of a motion to correct error, which challenged an order granting the petition of Douglas Woods Johnston ("Johnston") to relieve him of registration requirements under the Indiana Sex Offenders Registry Act, Indiana Code Section 11-8-8-1, et seq., ("SORA"). The State presents the sole issue of whether Johnston was granted relief in contravention of statutory authority. We reverse.

# Facts and Procedural History

[2]     On October 13, 2015, Johnston filed a "Request for Removal from Sex Offender Registry" pursuant to Indiana Code Section 11-8-8-22. (App. at 14.) Johnston, who has two convictions for Child Molesting, as Class C felonies, referenced only his 2006 conviction in his petition. He stated that he had been found guilty but mentally ill in 2006, and claimed that he was eligible for relief due to his age (fifty-nine years) and willingness to get continued treatment for his mental illness.

[3]     On January 26, 2016, the trial court conducted a hearing. At the outset, Johnston's counsel advised the trial court that Johnston also had a Child Molesting conviction in 1997. Counsel further advised that Johnson had been arrested in 2013, but the charge was dismissed. Johnston then testified regarding his mental health treatment and the hardships of compliance with SORA requirements.

[4] At the conclusion of the hearing, the State objected that the petition was inadequate to permit the trial court to reach the issue of Johnston's removal from the sex offender registry. Additionally, the State argued that Johnston had not met his burden of proof. Johnston's counsel responded that Johnston was fifty-nine years old, living on disability, and "absolutely limited by his requirement to register." (Tr. at 13.) Counsel urged that Johnston's 2006 conviction should be distinguished because he had been found guilty but mentally ill ("GBMI"). The trial court took the matter under advisement.

[5] On February 10, 2016, the trial court entered an order that Johnston be required to register as a sex offender only up until July 28, 2016, ten years after his 2006 conviction. The Indiana Department of Correction ("the DOC") filed a motion to intervene, which was granted. The DOC filed a motion to correct error and the trial court set a hearing date. However, the DOC did not appear at the hearing and the trial court summarily denied the motion to correct error. This appeal ensued.[1]

---

[1] Indiana Code Section 11-8-8-22(l) provides: "The attorney general may initiate an appeal from any order granting an offender relief under this section."

# Discussion and Decision

## Standard of Review

[6] Generally, we review a trial court's ruling on a motion to correct error for an abuse of discretion. *City of Indianapolis v. Hicks*, 932 N.E.2d 227, 230 (Ind. Ct. App. 2010), *trans. denied*. However, to the extent the issues raised on appeal are purely questions of law, our review is de novo. *Id.*

## Analysis

[7] The facts underlying Johnston's convictions were not developed in testimony or evidentiary exhibits in the proceedings below. However, it has been alleged that Johnston's most recent victim was six years old. If so, Johnston would have been subject to life-time registration requirements pursuant to Indiana Code Section 11-8-8-19(c) (requiring, as was required in 2006, that an offender who was at least age 18 who molested a child under age 12 must register as a sex offender for life). Also, as was true in 2006, "A sex or violent offender who is convicted of at least two (2) unrelated offenses under section 5(a) of this chapter is required to register for life." Ind. Code § 11-8-8-19(e). Finally, an offender who commits a sex offense while having had a previous unrelated conviction for a sex offense requiring registration is classified as a sexually violent predator ("SVP") and an SVP is subject to a life-time reporting requirement. I.C. §§ 35-38-1-7.5(b)(2), 11-8-8-19(b). Thus, by all indications, Johnston was subject to life-time reporting requirements when he petitioned for relief.

[8] Johnson petitioned for, and was granted, relief from registration requirements pursuant to Indiana Code Section 11-8-8-22. This statute provides a mechanism whereby a sex offender may petition to remove a designation or register under less restrictive conditions. Subsection (k) requires that the petition must be submitted under the penalties of perjury and list each criminal conviction with specifications including the corresponding state, court, and date. After receiving the petition, the trial court may summarily dismiss it or may set the matter for hearing. In the latter event, the trial court is to give notice at least sixty days in advance of the hearing to the DOC, the Attorney General, one or more prosecuting attorneys[2] and the Sheriff in the offender's county of residence.

[9] According to subsection (h): "The petitioner has the burden of proof in a hearing under this section." Subsection (j) permits an offender to base a petition "on a claim that the application or registration requirements constitute ex post facto punishment." Also, subsection (g) provides that a court may grant a petition if, following a hearing, the court makes the following findings:

> (1) The law requiring the petitioner to register as an offender has changed since the date on which the petitioner was initially required to register.

---

[2] Those entitled to notice include prosecutors in the county where the petition was filed, in the county where the most recent relevant conviction took place, and the county where the offender resides.

(2) If the petitioner who was required to register as an offender before the change in law engaged in the same conduct after the change in law occurred, the petitioner would:

(A) not be required to register as an offender; or

(B) be required to register as an offender, but under less restrictive conditions.

(3) If the petitioner seeks relief under this section because a change in law makes a previously unavailable defense available to the petitioner, that the petitioner has proved the defense.

[10] Here, the petition did not comply with the requirements of subsection (k). It was not submitted under penalties of perjury and one of Johnston's convictions was omitted. The chronological case summary does not reflect the provision of requisite notice to the DOC and the Attorney General. In his petition and at the hearing, Johnston made no claim that he was subject to ex post facto punishment. Nor did Johnston argue at the hearing that he had satisfied his statutory burden of proof with respect to subsection (g). Rather, counsel urged: "The most significant thing to me seem[s] to be his last conviction in 2006, where he was convicted and found guilty but mentally ill, and I think that kind of sums up the whole thing." (Tr. at 13.) Counsel then argued that "the most important thing" was facilitating Johnston's relationships with his mental health treatment providers "in some hope for a better quality of life." (Tr. at 13.) In culmination, the trial court did not make particular findings relative to a

change in the law as described in subsection (g) nor did the trial court address ex post facto punishment.

[11]     On appeal, the State argues that Johnston did not establish his entitlement to relief from life-time registration requirements, and likely cannot do so. As a threshold matter, however, the State argues that the deficient petition should have been dismissed with prejudice, consistent with *In re Ohio Conviction against Gambler*, 939 N.E. 2d 1128 (Ind. Ct. App. 2011). Johnston concedes that he cannot establish grounds for relief relative to a change in the law as described by Indiana Code Section 11-8-8-22(g)(2), but argues that the trial court "implicitly" found that he had been subjected to an ex post facto punishment. Appellee's Br. at 19.[3]

[12]     Notwithstanding his expansive view of the trial court's order, Johnson did not present and develop an ex post facto punishment argument in the court below. Rather, Johnston essentially made an appeal for compassionate relief. Based

---

[3] Johnston directed our attention to *Flanders v. State*, 955 N.E.2d 732 (Ind. Ct. App. 2011), *trans. denied*. There, in post-conviction proceedings, an offender who was classified as a SVP after amendments to SORA challenged his designation on ex post facto grounds. Indiana Code Section 35-38-1-7.5 had been amended to clarify that certain convictions qualify an offender as a SVP by operation of law. It was also amended to disallow a person with two unrelated convictions for sex offenses to petition for removal of the SVP designation. The *Flanders* Court concluded "that a 2007 amendment that eliminated [Flanders'] eligibility to petition the court for termination of his SVP status is an ex post facto law that is unconstitutional as applied to Flanders." *Id.* at 735. The violation was to be remedied "by reinstating his eligibility to petition for a change in status after his initial ten-year requirement to register has passed." *Id.* Accordingly, even if Johnston had made and succeeded upon a challenge like that in *Flanders*, the proper remedy would not have been the order for termination of registration at the ten-year mark as obtained by Johnston. Rather, Johnston would be afforded the opportunity to seek review of his future dangerousness or rehabilitation yearly after registering for ten years. *See id.* at 752-53. It is noteworthy, however, that neither of Flanders' offenses, individually, would qualify him as an SVP as a matter of law. *Id.* at 747.

upon the limited record before us, we agree with the position taken by the State at the hearing, that is, the petition was inadequate to afford the trial court an opportunity to provide Johnston relief.

[13] In *Gambler*, an offender seeking removal from the Indiana sex offender registry sent a letter to the trial court and the trial court treated the letter as a motion for removal. 939 N.E.2d at 1129. The letter was not submitted under the penalties of perjury, did not list the required details for each conviction, and did not explicitly state in which jurisdictions he was required to register as a sex offender. *Id.* at 1131. Gambler obtained relief and the DOC appealed. A panel of this Court reversed the order granting relief:

> Gambler's letter was insufficient to raise the issue of whether the trial court would remove him from the sex offender registry. On the face of it, the trial court erred in determining Gambler's letter provided sufficient information to proceed in this matter.
>
> Further, even if Gambler's letter was sufficient to constitute a petition under this statute, the trial court must either summarily dismiss it or give notice to several government actors and set the matter for a hearing before proceeding. Ind. Code § 11-8-8-22(e). Prior to granting a petition, the trial court must hold a hearing and make several particular findings. *See* Ind. Code § 11-8-8-22(g). Here, the record does not indicate the trial court provided notice to the necessary government actors or held a hearing on the matter. Therefore, on the face of the record, DOC has demonstrated prima facie error in granting Gambler's petition.

*Gambler*, 939 N.E.2d at 1131-32.

[14] The infirmities in the instant petition and process are not exactly the same as those in *Gambler*, and Johnston advances an argument that is essentially one of substantial compliance. Here, notwithstanding an apparent deficiency in notice, an attorney appeared on behalf of the State at the hearing. Critically, however, the unsworn petition did not identify a statutory basis upon which relief could properly be granted and none was developed at the hearing. The focus of the limited testimony and argument was upon Johnston's mental illness treatment and hardships, and the fact that his last conviction had been a GBMI conviction. Even so, there was no revelation of a statutory distinction between a conviction and a GBMI conviction under SORA. In these circumstances, the trial court did not – and could not properly – enter the requisite statutory findings. Lacking a proper statutory-based petition for relief, the trial court should have granted the State's request for dismissal of Johnston's petition.

## Conclusion

[15] Because Johnston's inadequate petition should have been dismissed, the denial of the motion to correct error was an abuse of the trial court's discretion.

[16] Reversed and remanded with instructions that the trial court dismiss the matter without prejudice subject to further proceedings in the event Johnston files a sufficient petition.

Najam, J., and May, J., concur.