DICKSON, Justice.
This is a direct appeal from a trial court judgment declaring that two provisions of the Indiana Right to Work Law, Indiana Code sections 22-6-6-8 and 22-6-6-10, violate Article 1, Section 21 of the Indiana Constitution. The plaintiffs, Local 150 of the International Union of Operating Engineers, AFL-CIO—an exclusive-agency union—and several of its members and officers (collectively the “Union”), filed a complaint against the Attorney General of Indiana and the Commissioner of the Indiana Department of Labor (the “State”), seeking a declaratory judgment that various provisions of the Indiana Right to Work Law, Ind.Code § 22-6-6 et seq., violated several parts of the Indiana Constitution. In response to the State’s consolidated motion to dismiss for failure to state a cause of action, the trial court dismissed all of the Union’s claims except Count I, as to which the court not only denied dismissal but also entered final judgment sua sponte, declaring the chai- *751 lenged statutory provisions unconstitutional.
The State has appealed, and because the judgment declares a state statute unconstitutional in whole or in part, this appeal falls within the mandatory and exclusive jurisdiction of the Indiana Supreme Court. Ind. Appellate Rule 4(A)(1)(b). We now reverse the trial court’s denial of the motion to dismiss and its grant of declaratory judgment.
The relief granted by the trial court was limited to the Union’s claim that the challenged provisions violated Section 21. As to all other claims of constitutional invalidity, the trial court did not grant relief but rather dismissed such claims. We thus restrict our analysis to the trial court’s judgment as to Section 21.
Before we proceed, however, we address the Union’s argument that principles of waiver and estoppel preclude some of the State’s arguments. The Union purports that the State has waived these arguments “because it failed to make them in the trial court.” Appellees’ Br. at 28 (citing Cavens v. Zaberdac, 849 N.E.2d 526, 533 (Ind.2006)). The State responds that the trial court’s entry of declaratory judgment on the merits, rather than merely denying the State’s motion to dismiss, “deprived the State of the opportunity to develop its second- and third-tier arguments in defense.” Appellants’ Reply Br. at 19. In Cavens, the defense counsel had an opportunity to raise an argument but sought “only a clarification” and failed to “object to the trial court’s response” to preserve the issue for appeal. 849 N.E.2d at 532-33. This case is not Cavens. Here, the trial court entered final judgment sua sponte on the State’s motion to dismiss without providing the State—which did not move for summary judgment—the opportunity to respond. See Ind. Trial Rule 56(C). We find no waiver.
The trial court correctly described the issue presented as one of law, not fact. We review such questions of law de novo without deference to a trial court’s determination. See Paul Stieler Enterprises, Inc. v. City of Evansville, 2 N.E.3d 1269, 1272 (Ind.2014) (“Whether a statute or ordinance is constitutional on its face is a question of law and we review the matter de novo.”). Our methodology for reviewing alleged violations of the Indiana Constitution is well-established. Any statute challenged under the Indiana Constitution “stands before this Court ‘clothed with the presumption of constitutionality until clearly overcome by a contrary showing.’ ” Dvorak v. City of Bloomington, 796 N.E.2d 236, 237-38 (Ind.2003) (quoting Boehm v. Town of St. John, 675 N.E.2d 318, 321 (Ind.1996)). The party challenging the constitutionality of a statute bears the burden of proof, and all doubts are resolved against that party and in favor of the legislature. Id. at 238. The Union requests that this Court “[djeclare that the Indiana Right to Work [L]aw, Indiana Code § 22-6-6 is invalid in its entirety; and of no force or effect ás a violation of the Indiana Constitution.” Appellants’ App’x at 16. In other words, the Union seeks a general declaration that the Indiana Right to Work Law is unconstitutional on its face and thus faces a heavier burden of proof. “When a party claims that a statute is unconstitutional on its face, the claimant assumes the burden of demonstrating that there are no set of circumstances under which the statute can be constitutionally applied.” Baldwin v. Reagan, 715 N.E.2d 332, 337 (Ind.1999) (emphasis added).
Section 21 of the Indiana Bill of Rights, Article 1 of the Indiana Constitution, provides in relevant part that “[n]o person’s particular services shall be demanded, without just compensation.” Ind. *752 Const, art. 1, § 21. To prevail on its Section 21 claim, the Union must demonstrate: (1) that it performs “particular services,” (2) “on the State’s demand,” and (3) is entitled to “just compensation.” Bayh v. Sonnenburg, 573 N.E.2d 398, 411 (Ind.1991); accord Cheatham v. Pohle, 789 N.E.2d 467, 476 (Ind.2003) (“This provision applies only if both a ‘person’s particular services’ are rendered and they have been ‘demanded’ by the State.”). The trial court reasoned—and the Union agrees— that “the effect of IC 22-6-6-8 and IC 22-6-6-10' under the current, long-standing federal labor law, is to demand particular services without just compensation,” and thus violate Section 21. Order, Appellants’ App’x at 5.
Under current federal labor law, an exclusive-agency union must represent the interests of all employees in the unit regardless of whether they are union members; non-union members receive the same wages and other benefits negotiated by the union for its members. See 29 U.S.C. § 159(a) (“Representatives designated or selected for the purposes of collective bargaining by the majority of the employees in a unit appropriate for such purposes, shall be the exclusive representatives of all the employees in such unit for the purposes of collective bargaining in respect to rates of pay, wages, hours of employment, or other conditions of employment -”) (emphasis added).
The first challenged provision of the Indiana Right to Work Law prohibits employers from requiring union membership or the payment of monies as a condition of employment:
A person may not require an individual to:
(1)become or remain a member of a labor organization;
(2) pay dues, fees, assessments, or other charges of any kind or amount to a labor organization; or
(3) pay to a charity or third party an amount that is equivalent to or a pro rata part of dues, fees, assessments, or other charges required of members of a labor organization;
as a condition of employment or continuation of employment.
Ind.Code § 22-6-6-8. The second pro-vision, Indiana Code section 22-6-6-10, makes the knowing or intentional violation of section 8 a Class A misdemeanor.
On appeal, the State and the Union dispute whether the challenged provisions of the Indiana Right to Work Law constitute a demand by the State for particular services under Section 21. The State argues that, literally, state law has not demanded the Union to do anything. The Union responds that its services are indirectly demanded by the State because the State is “charged with the knowledge of the existence of the federal law which requires unions to represent every individual employee fairly,” Appellees’ Br. at 23, and has enforced the federal law in state courts. The Union cites Sonnenburg for the proposition that “a request becomes a ‘demand’ when it is backed up with the use or threatened use of physical force or legal process which creates in the citizen a reasonable belief that he is not free to refuse the request.’ ” 573 N.E.2d at 417. Sonnenburg, however, did not address the question whether enforcement, by itself, could be a “demand” under Article 21 but rather addressed “how coercive the State’s request for services must be to become a ‘demand.’ ” Id. (emphasis added). On the face of the Indiana Right to Work Law, there is no state demand for services; the law merely prohibits employers from requiring union membership or the payment of monies as a condition of employment. *753 See Sweeney v. Pence, 767 F.Bd 654, 666 (7th Cir.2014).
The Union responds that the “plain language of Article 1, Section 21 does not limit claims to those involving a State demand.” Appellees’ Br. at 25. But in interpreting and applying provisions of the Indiana Constitution, we examine the language of the text in the context of the purpose and structure of our Constitution and case law interpreting the specific’provisions. Town of St. John, 675 N.E.2d at 321. Article 1 of Indiana’s Constitution, Indiana’s Bill of Rights, was written to protect the liberty of Hoosiers from the reaches of their state government. The overall structure of Indiana’s Bill of Rights as limiting state power is well-established:
The Indiana Constitution does not grant government an absolute, limitless state power and then withdraw discrete portions of it by specific excision. The individual guarantees in our Bill of Rights merely help to highlight some of the particular contours of the state power as it has generally been delegated. The particular guarantees of liberty in the Indiana Bill of Rights are but concrete manifestations of the abstract limiting principle that state power may only be exercised to advance the peace, safety, and well-being of Hoosiers. They merely describe with greater particularity some of the personal freedoms the restriction of which would not, in the framers’ view, tend to advance those permissible state goals.
Whittington v. State, 669 N.E.2d 1363, 1369 n. 6 (Ind.1996) (emphases added). Provisions within Article 1 limit state, not federal, power. Our case law is consistent with this interpretation. See, e.g., Meredith v. Pence, 984 N.E.2d 1213, 1226 (Ind.2013); Whittington, 669 N.E.2d at 1368-69. “Because it is federal law that provides a duty of fair representation, Indiana’s right-to-work statute does not ‘take’ property from the Union-” Sweeney, 767 F.3d at 666 (emphasis in original). In sum, Article 21 requires just compensation when the state demands particular services, not when the federal government does so.
The State further argues that, in any event, there is no demand for services at all because the Union can choose not to be an exclusive-agency union and become a members only union. The Union responds that “[cjhoosing to represent members-only bargaining units is not an option under the [National Labor Relations Act]” because the “[National Labor Relations Board] will not process a representation petition by a union seeking a members-only bargain unit” and “a union that proposes to represent a minority of the bargaining unit has no remedy if the employer refuses to bargain with it.” Appellees’ Br. at 32, 34. We disagree. The Union’s federal obligation to represent all employees in a bargaining unit is optional; it occurs only when the union elects to be the exclusive bargaining agent, for which it is justly compensated by the right to bargain exclusively with the employer. See 29 U.S.C. § 158(a) (“It shall be an unfair labor practice for an employer ... (5) to refuse to bargain collectively with the representatives of his employees, subject to the provisions of section 159(a) of this title.”); Sweeney, 767 F.3d at 666 (“The duty of fair representation is therefore a ‘corresponding duty imposed in exchange for the powers granted to the Union as to an exclusive representative.”).
Conclusion
We conclude that Indiana Code sections 22-6-6-8 and 22-6-6-10 in the Indiana Right to Work Law do not violate Article 1, Section 21 of the Indiana Constitution. Any compulsion to provide services does not constitute a demand made by the State of Indiana. We reverse the trial court’s *754 entry of declaratory judgment and its denial of the defendants’ motion to dismiss.
RUSH, C.J., and DAVID and MASSA, JJ., concur.
RUCKER, J., concurs in result with separate opinion.