## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 03 2015, 9:07 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Kristin A. Mulholland
Crown Point, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Sidney Lamour Tyson,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

March 3, 2015

Court of Appeals Case No.
45A03-1405-CR-143

Appeal from the
Lake Superior Court

The Honorable Salvador Vasquez,
Judge

Cause No. 45G01-1301-FD-11

**Kirsch, Judge.**

[1] In this interlocutory appeal, Sidney Lamour Tyson challenges the trial court's denial of his motion to dismiss the charge of Class D felony failure to register as a sex offender, contending that it was an ex post facto violation to require him to register under the Indiana Sex Offender Registration Act ("SORA") when, at

the time he committed his offence in Texas, Indiana's definition of sex offender would not have required him to register.

[2] We affirm.

## Facts and Procedural History

[3] On February 20, 2002, Tyson was adjudicated a delinquent in the state of Texas for the offense of aggravated sexual assault committed on August 22, 2001. As a result of his adjudication, Tyson was placed on probation for two years. Under the Texas Code of Criminal Procedure, he was required to register as a sex offender. Tyson's registration requirement in Texas commenced February 27, 2002, with an end date of February 19, 2014.

[4] Tyson moved to Indiana in 2009. On December 26, 2012, Tyson's vehicle was stopped by Merrillville Police Department for having an expired license plate. The officer learned through a background check that Tyson was required to register as a sex offender in Texas for the time period of February 27, 2002 through February 19, 2014. The officer checked the Lake County Sexual Offender Registry, and it showed no record of Tyson registering as a sex offender in Indiana.

[5] On January 17, 2013, the State charged Tyson with Class D felony failure to register as a sex offender. On February 12, 2014, Tyson filed a motion to dismiss, which the trial court denied on February 25, 2014. Tyson now files this interlocutory appeal.

## Discussion and Decision

[6]    Tyson argues that SORA as applied to him violates the ex post facto prohibition of the United States Constitution and the Indiana Constitution, both of which contain prohibitions against the passage of ex post facto laws. U.S. Const. art. I, § 10; Ind. Const. art 1, § 24. The United States Constitution provides that "[n]o State shall . . . pass any . . . ex post facto Law." U.S. Const. art. I, § 10. The Indiana Constitution provides that "[n]o ex post facto law . . . shall ever be passed." Ind. Const. art. 1, § 24. Among other things, "[t]he *ex post facto* prohibition forbids the Congress and the States to enact any law 'which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed.'" *Weaver v. Graham,* 450 U.S. 24, 28 (1981) (quoting *Cummings v. Missouri,* 71 U.S. (4 Wall.) 277, 325-26, 18 L. Ed. 356 (1866)). The policy underlying the Ex Post Facto Clause is to give effect to the fundamental principle that persons have a right to fair warning of that conduct which will give rise to criminal penalties. *Hevner v. State*, 919 N.E.2d 109, 111 (Ind. 2010) (citing *Armstrong v. State,* 848 N.E.2d 1088, 1093 (Ind. 2006)).

[7]    Tyson contends that the trial court erred when it denied his motion to dismiss his charge of failure to register as a sex offender. He claims that, when applied to him, SORA violates the prohibition against ex post facto laws. Tyson asserts that, at the time he committed his predicate offense in Texas, there was no requirement in Indiana that a thirteen-year-old register as a sex offender because the offender was required to do so in Texas and that, therefore, he did

not have fair warning of the sex offender registry penalty at the time he committed his offense in Texas. He further argues that, to impose a registration requirement upon him based on the 2006 amendment of SORA that changed the definition of sex offender in Indiana violated the prohibition on ex post facto laws.

[8] The prohibition against ex post facto laws applies only when a new law imposes a punishment for an act which was not punishable at the time it was committed or imposes additional punishment to that then prescribed. *Sewell v. State*, 973 N.E.2d 96, 102 (Ind. Ct. App. 2012) (quotations omitted). "The critical question in evaluating an *ex post facto* claim 'is whether the law changes the legal consequences of acts completed before its effective date.'" *United States v. Brady,* 26 F.3d 282, 291 (2nd Cir.1994) (quoting *Weaver,* 450 U.S. at 31).

[9] In the present case, on February 20, 2002, Tyson was adjudicated a delinquent for the offense of aggravated sexual assault committed on August 22, 2001 in the state of Texas. As a result of this adjudication, he was required to register as a sex offender in Texas from the date of February 27, 2002 until February 19, 2014. In 2006, SORA was amended to include in the definition of sex offender "a person who is required to register as a sex offender in any jurisdiction." Ind. Code § 11-8-8-5(b)(1). Tyson became a resident of Indiana in 2009. At the time of his relocation to Indiana, therefore, an individual relocating to Indiana who was required to register as a sex offender in any jurisdiction was considered a sex offender in Indiana and was required to register in Indiana. When Tyson moved to Indiana in 2009, he became a resident of Indiana and subjected

himself to the existing laws of Indiana governing sex offender registration. Before Tyson moved to Indiana, he was already required to register as a sex offender in Texas. Therefore, Indiana did not add to Tyson's burden or add any new punishment by respecting the registration requirements of another state.

[10] The fundamental principle behind the Ex Post Facto Clause is that a person has a right to fair warning of that conduct which will give rise to criminal penalties. *Hevner*, 919 N.E.2d at 111. Here, Tyson had fair warning of the registration requirement that would result from becoming a resident of Indiana in 2009. He was already required to register in Texas until February 19, 2014, and the provision that required individuals moving to Indiana to register as a sex offender if they were required to register as a sex offender in another jurisdiction had been in effect since 2006, three years prior to his relocation. Therefore, he did not become a sex offender, subject to registration requirements, upon moving to Indiana, but instead, remained a sex offender, as previously adjudicated, until the conclusion of his registration period.

[11] Additionally, Tyson's full registration requirement from Texas was effective under Indiana law because "[a] person who is required to register as a sex . . . offender in any jurisdiction shall register for the period required by the other jurisdiction or the period described in this section, whichever is longer." Ind. Code § 11-8-8-19(f). Although Tyson's registration requirement appears to have ended prior to this appeal, the question before us is whether the trial court erred when it denied Tyson's motion to dismiss his charge for failure to register,

which offense occurred in December 2012. Tyson's Texas registration requirement extended until February 2014. Even though he is no longer required to register, he was required to do so in 2012 at the time he was charged.

[12] We conclude that Tyson had fair warning and notice that when he moved to Indiana and subjected himself to Indiana's laws, that he was required to register as a sex offender. No new duty was imposed on Tyson as he was already required to register in Texas, and the legal requirement that such registration continue upon his relocation to Indiana already existed at the time of his move in 2009 as SORA had changed in 2006. Therefore, Tyson's status as a sex offender was not triggered by moving to Indiana; it merely maintained the status as it was. His requirement to continue registration as it already existed was triggered when Tyson chose to subject himself to Indiana law by moving to Indiana. Because Tyson had fair warning of the registration requirement, SORA was not an ex post facto violation as applied to Tyson. Therefore, because Tyson was lawfully required to register as a sex offender, the trial court did not err when it denied Tyson's motion to dismiss.

[13] Affirmed.

Friedlander, J., and Crone, J., concur.