

FILED
May 29 2015, 8:47 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT

Gregory F. Zoeller
Attorney General of Indiana

Kyle Hunter
Deputy Attorney General
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Joel M. Schumm

Paul T. Babcock
Certified Legal Intern
Appellate Clinic
Indiana University Robert H. McKinney
School of Law
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| State of Indiana,<br>*Appellant-Respondent,*<br><br>v.<br><br>Scott Zerbe,<br>*Appellee-Petitioner* | May 29, 2015<br><br>Court of Appeals Case No.<br>49A05-1410-MI-463<br><br>Appeal from the Marion Superior<br>Court<br><br>The Honorable Timothy W. Oakes,<br>Judge<br><br>Case No. 49D13-1403-MI-9780 |

**Crone, Judge.**

## Case Summary

[1]     Scott Zerbe was convicted of a felony sex offense in Michigan in 1992. After he was released from prison in 1999, he was required by Michigan law to register

as a sex offender for twenty-five years.  Indiana's Sexual Offender Registration Act ("SORA") was enacted in 1994.  In 2006 and 2007, SORA was amended to provide that that a person required to register as a sex offender in any jurisdiction shall register as a sex offender in Indiana for the period required by the other jurisdiction.  In 2012, Zerbe moved to Indiana.  Under SORA, he was required to register as a sex offender in Indiana for the remainder of the period required by Michigan law.  Zerbe filed a petition to remove his designation as a sex offender, claiming that SORA is an unconstitutional ex post facto law as applied to him because it was enacted after he committed the Michigan offense and did not give him "fair warning that his conduct would result in a penalty requiring him to register as a sex offender."  Appellant's App. at 5.  The State opposed Zerbe's petition, which the trial court granted.

[2] On appeal, the State argues that SORA is not an unconstitutional ex post facto law as applied to Zerbe.  We agree:  Zerbe had fair warning of SORA's registration requirement before he moved to Indiana, and SORA imposed no additional punishment because he was already required to register in Michigan.  Therefore, we reverse.

## Facts and Procedural History

[3] The relevant facts are undisputed.  In 1991, Zerbe engaged in sexual activity with a fourteen-year-old victim in Michigan.  In 1992, he was convicted of criminal sexual conduct in the second degree and was sentenced to a minimum term of eight years.  He was released from prison in 1999.  Under Michigan

law, Zerbe was required to register as a sex offender for twenty-five years. Mich. Comp Laws § 28.725.

[4] In 1994, the Indiana legislature enacted SORA, which requires persons convicted of certain offenses to register as sex offenders. Ind. Code ch. 5-2-12 (1994) (now Ind. Code ch. 11-8-8). SORA has been amended many times since. Most relevant for our purposes, in 2006 SORA was amended to define sex offender as "a person who is required to register as a sex offender in any jurisdiction." Ind. Code § 11-8-8-5(b)(1). And in 2007 SORA was amended to provide that a person required to register as a sex offender in any jurisdiction shall register as a sex offender in Indiana for the period required by the other jurisdiction, at minimum. Ind. Code § 11-8-8-19(f).[1]

[5] In December 2012, Zerbe moved to Indiana. Under SORA, he was required to register as a sex offender in Indiana for the remainder of the period required by Michigan.[2] A sex offender may petition a court to remove his designation as an offender or impose less restrictive registration conditions. Ind. Code § 11-8-8-22(c). The petitioner bears the burden of proving that he is entitled to relief. Ind. Code § 11-8-8-22(h). In March 2014, Zerbe filed a petition to remove his designation as an offender, asserting that SORA is an unconstitutional ex post

_____

[1] We note that prior amendments required persons with certain out-of-state convictions to register as sex offenders in Indiana, but we need not mention them here.

[2] SORA's registration requirements apply to persons who reside or work in Indiana as defined in Indiana Code Section 11-8-8-7. Zerbe does not challenge whether these definitions apply to him.

facto law as applied to him because it was enacted after he committed his Michigan offense, and therefore he "did not have a fair warning that his conduct would result in a penalty requiring him to register as a sex offender." Appellant's App. at 5. The State filed a response in opposition. After a hearing, the trial court issued an order summarily granting Zerbe's petition. The State now appeals.

## Discussion and Decision

Zerbe's petition alleged that SORA, as applied to him, violates Article 1, Section 24 of the Indiana Constitution, which provides that no ex post facto law "shall ever be passed."

> The ex post facto clause forbids laws imposing punishment for an act that was not otherwise punishable when it was committed or imposing additional punishment for an act then proscribed. A law is ex post facto if it substantially disadvantages a defendant because it increases his punishment or deprives him of some defense or lesser punishment that was available at the time of the crime. Underlying the ex post facto clause is the desire to give people fair warning of the conduct that will give rise to criminal penalties.

*Seales v. State*, 4 N.E.3d 821, 823 (Ind. Ct. App. 2014) (citations and italics omitted), *trans. denied*. "'The critical question in evaluating an ex post facto claim "is whether the law changes the legal consequences of acts completed before its effective date."'" *Sewell v. State*, 973 N.E.2d 96, 102 (Ind. Ct. App. 2012) (quoting *United States v. Brady*, 26 F.3d 282, 291 (2nd Cir. 1994) (quoting *Weaver v. Graham*, 450 U.S. 24, 31 (1981)).

[7] Unlike a facial constitutional challenge, an as-applied challenge asks only that the reviewing court declare the challenged statute unconstitutional on the facts of the particular case. *Dowdell v. City of Jeffersonville*, 907 N.E.2d 559, 564 (Ind. Ct. App. 2009), *trans. denied*. The constitutionality of a statute is a question of law that we review de novo without deference to the trial court's determination. *Zoeller v. Sweeney*, 19 N.E.3d 749, 751 (Ind. 2014). "The party challenging the constitutionality of a statute bears the burden of proof, and all doubts are resolved against that party and in favor of the legislature." *Id*.

[8] We recently addressed a substantially similar ex post facto challenge by a Texas sex offender who moved to Indiana in *Tyson v. State*, 28 N.E.3d 1074 (Ind. Ct. App. 2015), *reh'g denied*. In 2001, Tyson committed aggravated sexual assault in Texas, for which he was adjudicated a delinquent in 2002. Under Texas law, he was required to register as a sex offender from 2002 until 2014. "In 2006, SORA was amended to include in the definition of sex offender 'a person who is required to register as a sex offender in any jurisdiction.'" *Id*. at 1076 (quoting Ind. Code § 11-8-8-5(b)(1)). Tyson moved to Indiana in 2009. In 2012, he was stopped by a police officer in Lake County for an expired license plate. The officer conducted a background check and learned that Tyson was required to register as a sex offender in Texas and that the Lake County Sexual Offender Registry showed no record of him registering as a sex offender in Indiana. The State charged Tyson with failure to register as a sex offender. Tyson filed a motion to dismiss, which the trial court denied.

[9]     On appeal, Tyson argued that SORA was unconstitutional as applied to him. He asserted that

> at the time he committed his predicate offense in Texas, there was no requirement in Indiana that a thirteen-year-old register as a sex offender because the offender was required to do so in Texas and that, therefore, he did not have fair warning of the sex offender registry penalty at the time he committed his offense in Texas. He further argue[d] that, to impose a registration requirement upon him based on the 2006 amendment of SORA that changed the definition of sex offender in Indiana violated the prohibition on ex post facto laws.

*Id*. at 1075-76.

[10]    We disagreed, concluding that

> Tyson had fair warning and notice that when he moved to Indiana and subjected himself to Indiana's laws, that he was required to register as a sex offender. No new duty was imposed on Tyson as he was already required to register in Texas, and the legal requirement that such registration continue upon his relocation to Indiana already existed at the time of his move in 2009 as SORA had changed in 2006. Therefore, Tyson's status as a sex offender was not triggered by moving to Indiana; it merely maintained the status as it was. His requirement to continue registration as it already existed was triggered when Tyson chose to subject himself to Indiana law by moving to Indiana. Because Tyson had fair warning of the registration requirement, SORA was not an ex post facto violation as applied to Tyson.

*Id*. at 1076-77. *See also Sewell*, 973 N.E.2d at 102 (holding that 2006 statute prohibiting certain offenders from residing within 1000 feet of youth program center was not unconstitutional ex post facto law as applied to defendant who committed child molesting in 2001 and moved within 1000 feet of church with youth program center in 2011 "because [his] residency decision occurred after

the enactment of the statute"; "The fact that an element of a crime "'draws upon antecedent facts"' does not make [the statute] an ex post facto law. *United States v. Hemmings*, 258 F.3d 587, 594 (7th Cir. 2001) (quoting *Cox v. Hart*, 260 U.S. 427, 435, 43 S. Ct. 154, 67 L. Ed. 332 (1922)).").

[11]     We see no reason to reach a different conclusion in this case, and we find Zerbe's cited authorities inapposite, at best. Zerbe relies primarily on *Wallace v. State*, 905 N.E.2d 371 (Ind. 2009), in which the defendant was "charged, convicted, and served the sentence for" child molesting before SORA was enacted in 1994. *Id*. at 384. Sometime after 2003, Wallace was charged with and convicted of failure to register as a sex offender. On appeal, he claimed that SORA violated the ex post facto provisions of the Indiana and U.S. Constitutions. Our supreme court held that, as applied to Wallace, SORA violated the ex post facto clause of the Indiana Constitution "because it impose[d] burdens that have the effect of adding punishment beyond that which could have been imposed when his crime was committed." *Id*.

[12]     Here, however, SORA imposed no additional burdens on Zerbe because he was already required to register in Michigan. The State points out that "Zerbe's position is that he should be able to *decrease* his punishment by moving to Indiana." Appellant's Reply Br. at 4 (emphasis added). We presume that our legislature sought to avoid this absurd result (as well as an influx of convicted sex offenders) by amending SORA to require out-of-state sex offenders to continue fulfilling their obligation to register upon moving to Indiana. The State observes that when Burton moved to Indiana, he "had the expectation

that, as someone who had an existing registration requirement in another state, he was required to register in Indiana." Appellant's Br. at 11. *See Bd. of Trs. of Hamilton Heights Sch. Corp. v. Landry*, 638 N.E.2d 1261, 1268 (Ind. Ct. App. 1994) ("All persons are presumed to know the criminal laws."), *opinion on reh'g*. We agree with the State that "the date of the commission of the crime was dispositive in *Wallace*, but it is not here," and that, as in *Tyson*, we "should consider the date that Zerbe moved to Indiana … as the relevant date for the ex post facto analysis." *Id*. at 12.

[13] Zerbe also cites *Burton v. State*, 977 N.E.2d 1004 (Ind. Ct. App. 2012), *trans. denied* (2013). Burton committed a sex offense in Illinois in 1987 and was sentenced to six years. At that time, he was under no obligation to register in Illinois. "In 1996, Illinois amended its SORA to require persons who had committed crimes such as Burton's to register for a period of ten years." *Id*. at 1006. "The version of [Indiana's] SORA under which Burton is required to register first became effective in 2006." *Id*. Burton was convicted in Illinois for registration violations in 2003 and 2007 and moved to Indiana, where he was convicted of failure to register in 2009. Following his release, Burton was charged with two more counts of failure to register and filed a motion to dismiss on ex post facto grounds, which the trial court denied.

[14] Another panel of this Court reversed, stating,

> Had the qualifying offense and the enactment of the registration
> requirement occurred in Indiana, *Wallace* would dictate dismissal of
> the charges. We hold that Burton has the protection of our
> constitution as to the application of our SORA, without regard to the

fact that he was convicted of the qualifying sex offense in Illinois. It is for us, not Illinois, to determine who is required to register under our SORA.

*Id*. at 1008-09. The panel further stated,

> Of importance in determining whether our SORA violates our constitution's prohibition on ex post facto laws is the date of the commission of the crime in relation to the passage of our SORA. *See Wallace*, 905 N.E.2d at 384 (holding that SORA violates ex post facto clause of Indiana Constitution where defendant committed his offense before SORA was enacted). Thus, it is the date of the commission of the crime and the law in place at that time that is relevant to the ex post facto analysis.

*Id*. at 1009.

[15]   The State suggests that *Burton*'s reliance on *Wallace* is misplaced, noting that the *Wallace* court "did not consider the issue of relocation to Indiana and the expectations of sex offenders who had registration requirements in other jurisdictions." Appellant's Br. at 12. The State also points out that "Burton did not commit his crime in Indiana, and he was not subject to Indiana's laws or Indiana's registration requirement until he moved to Indiana." *Id*. at 11. Consequently, we agree with the State that *Burton* "does not provide a complete analysis necessary for an as-applied constitutional challenge" based on the facts of this case. *Id*. at 12.[3]

---

[3] Zerbe also cites *Andrews v. State*, 978 N.E.2d 494 (Ind. Ct. App. 2012), *trans. denied* (2013), and *State v. Hough*, 978 N.E.2d 505 (Ind. Ct. App. 2012), *trans. denied* (2013). Because neither defendant was required to register under SORA when they moved to Indiana, we find those cases inapplicable.

Consistent with our holding in *Tyson*, then, we conclude that SORA is not an unconstitutional ex post facto law as applied to Zerbe. Therefore, we reverse the trial court's grant of his petition to remove his designation as a sex offender.

Reversed.


Brown, J., concurs.

Baker, J., dissents with opinion.

State of Indiana,

*Appellant-Plaintiff,*

v.

Scott Zerbe,

*Appellee-Defendant.*

Court of Appeals Case No.
49A05-1410-MI-463

**Baker, Judge, dissenting.**

[18] I respectfully dissent. In *Wallace v. State*, 905 N.E.2d 371 (Ind. 2009), our Supreme Court held that mandatory sex offender registration is punitive, and that application of SORA to an offender who had committed his offense prior to the enactment of SORA violated the ex post facto prohibition of the Indiana Constitution.

[19] On at least three occasions since *Wallace*, this Court has had occasion to consider the application of *Wallace* to individuals who were convicted of sex offenses in other states before SORA was enacted. In these cases, the defendant later moved to Indiana and argued that application of SORA as applied to him

was unconstitutional. On each of these three occasions, this Court found that application of SORA was, in fact, unconstitutional under the ex post facto clause. *State v. Hough*, 978 N.E.2d 505 (Ind. Ct. App. 2012) (holding that defendant, who had been convicted of rape in Pennsylvania prior to SORA enactment, could not be required to register as sex offender in Indiana), *trans. denied*; *Andrews v. State*, 978 N.E.2d 494 (Ind. Ct. App. 2012) (holding that defendant, who had been convicted of sex offenses in Massachusetts prior to SORA enactment, could not be required to register as sex offender in Indiana), *trans. denied*; *Burton v. State*, 977 N.E.2d 1004, 1010 (Ind. Ct. App. 2012) (holding that defendant, who had been convicted of sex offenses in Illinois prior to SORA enactment, could not be required to register as sex offender in Indiana), *trans. denied*.

[20] I acknowledge that in this case, as noted by the majority, "SORA imposed no additional burdens on Zerbe because he was already required to register in Michigan." Slip op. p. 7. That was also the case in *Hough* and in *Burton*, however. *Hough*, 978 N.E.2d at 505-06 (had defendant remained in Pennsylvania, he would have been required to register; the State did not require him to register only because he planned to relocate immediately to Indiana upon his release); *Burton*, 977 N.E.2d at 1006-07 (defendant was required to register in Illinois and had been convicted twice in that State of registration violations). I see no meaningful distinction between those cases and the instant case. Moreover, I part ways with the majority in its criticism of the *Burton* analysis.

[21] In this case, Zerbe's Michigan conviction occurred in 1992. SORA, which requires sex offenders to register upon release from jail, was enacted two years later, in 1994. In 2001, the legislature amended SORA to require those with out-of-state convictions to register in Indiana upon residence in this State.

[22] The State argues that we should focus on the date of the year in which Zerbe moved to Indiana—2012—over a decade after the 2001 amendment. According to the State, because Zerbe knew when he moved to Indiana that he would be required to register as a sex offender under SORA, there is no violation of the ex post facto clause.

[23] While I see the logic in the State's position on this issue, as well as the majority's decision, the case law could not be clearer. Our Supreme Court, plus three panels of this Court, have plainly held that the date of primary importance is the date of the original conviction. Notwithstanding the state of the law at the time Zerbe moved to Indiana, he is a resident of this State and "is entitled to the protections afforded to him by the Indiana Constitution. Therefore, even though he would be required to register as a sex offender under [Michigan's] laws, Indiana's law controls." *Hough*, 978 N.E. 2d at 510. Zerbe was convicted of a sex offense before Indiana enacted SORA. Therefore, I believe that requiring him to register as a sex offender would violate Indiana's constitutional prohibition against ex post facto laws and would affirm the trial court's judgment.