## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 17 2015, 7:43 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

John Emry
Franklin, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Kyle Hunter
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Peter F. Bushee,

*Appellant-Petitioner,*

v.

Sheriff of Johnson County, Indiana,

*Appellee-Respondent*

June 17, 2015

Court of Appeals Case No. 41A01-1411-MI-486

Appeal from the Johnson Superior Court

The Honorable Lance Hamner, Judge

Case No. 41D03-1309-MI-127

**Crone, Judge.**

## Case Summary

[1] Peter F. Bushee committed sexual offenses against his stepdaughter in Virginia in the mid-1970s and in Vermont in the early 1990s. He pled nolo contendere

to the Vermont offenses in 1993 and pled guilty to the Virginia offenses in 1996, receiving a twenty-year sentence for the latter. Indiana's Sexual Offender Registration Act ("SORA") was enacted in 1994. In 2006 and 2007, SORA was amended to provide that a person who is required to register as a sex offender in any jurisdiction shall register as a sex offender in Indiana for the period required by the other jurisdiction.

[2] In 2013, Virginia released Bushee on parole. He asked to have his parole transferred to Indiana, which occurred immediately upon his release. Bushee was required to register as a sex offender as a condition of his Virginia parole, which expires in 2023. Shortly after Bushee moved to Indiana, the Sheriff of Johnson County ("the Sheriff") notified him that he was required to register as a sex offender in Indiana. Bushee filed a petition to be released from SORA's registration requirement and removed from the Indiana Sex Offender Registry, which the trial court denied.

[3] On appeal, Bushee contends that the trial court erred in denying his petition because SORA is an unconstitutional ex post facto law as applied to him. We disagree. Bushee had fair warning of SORA's registration requirement before he moved to Indiana, and it imposed no new duty because he was already required to register as a condition of his Virginia parole. Therefore, we affirm.

## Facts and Procedural History

[4] Bushee was born in 1950. In 1993, he pled nolo contendere in Vermont to three felony counts of sexual assault for offenses committed against his

stepdaughter in 1991 and 1992. According to Vermont court documents, he received concurrent sentences of five to twelve years for these crimes. Appellant's App. at 37-38.[1] In 1996, Bushee pled guilty in Virginia to three counts of crimes against nature and two counts of taking indecent liberties with children for offenses that were committed against his stepdaughter in the mid-1970s. He received an aggregate sentence of twenty years for these crimes. Bushee was incarcerated in Vermont from 1992 through 2000 and then was transferred to the custody of the Virginia Department of Corrections.[2]

[5] Meanwhile, in 1994 the Indiana legislature enacted SORA, which requires persons convicted of certain offenses to register as sex offenders. Ind. Code 5-2-12 (1994) (now Ind. Code 11-8-8). SORA has been amended many times since. Most relevant for our purposes, in 2006 SORA was amended to define sex offender as "a person who is required to register as a sex offender in any jurisdiction." Ind. Code § 11-8-8-5(b)(1). And in 2007 SORA was amended to provide that a person who is required to register as a sex offender in any

---

[1] In his response to the Sheriff's interrogatories, Bushee stated that he received "an eight to twelve year sentence." Appellant's App. at 66.

[2] At the hearing on his petition, Bushee testified that he committed the Vermont and Virginia offenses against the same victim, his stepdaughter. Tr. at 5. In his response to the Sheriff's interrogatories, Bushee stated that his stepdaughter was fifteen years old at the time of the Vermont offenses and ten to twelve years old at the time of the Virginia offenses. We agree with the Sheriff that "[e]ither Bushee's assertion that the victim was the same person or the dates of the offenses[] are not accurate" and that any inaccuracies or inconsistencies in this regard do not undermine the validity of the trial court's ruling on his petition. Appellee's Br. at 3 n.1.

jurisdiction shall register as a sex offender in Indiana for the period required by the other jurisdiction, at minimum. Ind. Code § 11-8-8-19(f).[3]

[6]     In July 2013, Bushee was released on parole by the Virginia Department of Corrections. Upon his request, his parole was transferred to Indiana under an interstate compact. *See* Ind. Code § 11-13-4-1. Immediately after his release, his brother transported him to Greenwood, where he arrived on July 25, 2013.

[7]     On July 28, 2013, the Sheriff notified Bushee that he was required to register as a sex offender in Indiana. In September 2013, Bushee filed a petition to be released from SORA's registration requirement and removed from the Indiana Sex Offender Registry pursuant to Indiana Code Section 11-8-8-22, which reads in pertinent part as follows:

> (c) A person to whom this section applies may petition a court to:
>
>> (1) remove the person's designation as an offender and order the department [of correction] to remove all information regarding the person from the public portal of the sex and violent offender registry Internet web site established under IC 36-2-13-5.5; or
>>
>> (2) require the person to register under less restrictive conditions.
>
> (d) A petition under this section shall be filed in the circuit or superior court of the county in which the offender resides.…

---

[3] The State observes that in 2001, SORA was amended to require a person who was convicted in another jurisdiction of a crime that is substantially equivalent to certain enumerated Indiana offenses to register as a sex offender in Indiana. Ind. Code 5-2-12 (now Ind. Code 11-8-8). The State argues that Bushee's Vermont and Virginia offenses are substantially equivalent to certain Indiana offenses and therefore he must register as a sex offender in Indiana. Because Bushee is also required to register as a sex offender as a condition of his parole under Virginia law, we need not address this argument.

(e) After receiving a petition under this section, the court may:

    (1) summarily dismiss the petition; or

    (2) give notice to [certain entities and persons, including the attorney general and the sheriff of the county where the offender resides]

and set the matter for hearing.…

(f) If a court sets a matter for a hearing under this section, the prosecuting attorney of the county in which the action is pending shall appear and respond, unless the prosecuting attorney requests the attorney general to appear and respond and the attorney general agrees to represent the interests of the state in the matter.…

….

(h) The petitioner has the burden of proof in a hearing under this section.

….

(j) An offender may base a petition filed under this section on a claim that the application or registration requirements constitute ex post facto punishment.

In his petition, Bushee essentially asserted that SORA is an unconstitutional ex post facto law as applied to him because "at the time of the offenses there was no [registration] requirement in Indiana, Vermont or Virginia." Appellant's App. at 27. The trial court summarily denied Bushee's petition without a hearing.

Bushee filed a motion to correct error, which the trial court granted after a hearing. The Sheriff then filed a motion to correct error. The trial court granted the Sheriff's motion and set a hearing on Bushee's petition. Bushee filed a motion for summary judgment. The Sheriff filed a response and a cross-motion for summary judgment. In July 2014, the trial court held a hearing on Bushee's petition. At the hearing, Bushee testified that he was required to

register as a sex offender in Indiana pursuant to the conditions of his Virginia parole, which expires in 2023.[4] Tr. at 10. Evidence regarding Bushee's registration requirement and the duration of his parole had not been designated by either party on summary judgment.

[9] In August 2014, the trial court issued an order with numerous findings and conclusions denying Bushee's petition. The trial court also issued orders denying Bushee's summary judgment motion and granting the Sheriff's summary judgment motion. Bushee filed a motion to correct error, which was denied. This appeal followed.

## Discussion and Decision

[10] Bushee contends that the trial court erred in denying his petition to be released from SORA's registration requirement and removed from Indiana's Sex Offender Registry. We review such rulings for an abuse of discretion. *Lucas v. McDonald*, 954 N.E.2d 996, 998 (Ind. Ct. App. 2011). "A trial court abuses its

---

[4] Bushee testified as follows:

Q You said your condition of release on parole was to register in Virginia?
A No
Q Here?
A Here.
Q Was that a condition that was imposed by Virginia, or Indiana?
A By Virginia, I assume. The day I was released I came to Indiana.

Tr. at 11. It is reasonable to presume that Bushee would have been required to register as a sex offender in Virginia if he had served his parole in that jurisdiction, and the State has cited authority to this effect. *See* Appellee's Br. at 24 (citing Va. Code §§ 9.1-902, -908).

discretion when its decision is clearly against the logic and effect of the facts and inferences supporting the petition for relief." *Id.*

[11] Bushee asserts that, as applied to him, SORA violates Article 1, Section 24 of the Indiana Constitution, which provides that no ex post facto law "shall ever be passed." We have explained,

> The ex post facto clause forbids laws imposing punishment for an act that was not otherwise punishable when it was committed or imposing additional punishment for an act then proscribed. A law is ex post facto if it substantially disadvantages a defendant because it increases his punishment or deprives him of some defense or lesser punishment that was available at the time of the crime. Underlying the ex post facto clause is the desire to give people fair warning of the conduct that will give rise to criminal penalties.

*Seales v. State*, 4 N.E.3d 821, 823 (Ind. Ct. App. 2014) (citations and italics omitted), *trans. denied.* "'The critical question in evaluating an ex post facto claim "is whether the law changes the legal consequences of acts completed before its effective date."'" *Sewell v. State*, 973 N.E.2d 96, 102 (Ind. Ct. App. 2012) (quoting *United States v. Brady*, 26 F.3d 282, 291 (2nd Cir. 1994) (quoting *Weaver v. Graham*, 450 U.S. 24, 31 (1981)).

[12] Unlike a facial constitutional challenge, an as-applied challenge asks only that the reviewing court declare the challenged statute unconstitutional on the facts of the particular case. *Dowdell v. City of Jeffersonville*, 907 N.E.2d 559, 564 (Ind. Ct. App. 2009), *trans. denied.* The constitutionality of a statute is a question of law that we review de novo without deference to the trial court's determination. *Zoeller v. Sweeney*, 19 N.E.3d 749, 751 (Ind. 2014). "The party challenging the

constitutionality of a statute bears the burden of proof, and all doubts are resolved against that party and in favor of the legislature." *Id*.

[13] We recently addressed a similar challenge by a sex offender who moved from Texas to Indiana in *Tyson v. State*, 28 N.E.3d 1074 (Ind. Ct. App. 2015), *reh'g denied*. Tyson committed aggravated sexual assault in Texas in 2001 and was adjudicated a delinquent in 2002. Under Texas law, he was required to register as a sex offender from 2002 until 2014. As noted above, "[i]n 2006, SORA was amended to include in the definition of sex offender 'a person who is required to register as a sex offender in any jurisdiction.'" *Id*. at 1076 (quoting Ind. Code § 11-8-8-5(b)(1)). Tyson moved to Indiana in 2009 and was stopped by a Merrillville police officer for an expired license plate in 2012. The officer learned that Tyson was required to register as a sex offender in Texas and that the Lake County Sexual Offender Registry showed no record of him registering as a sex offender in Indiana. The State charged Tyson with failure to register as a sex offender. Tyson filed a motion to dismiss, which the trial court denied.

[14] On appeal, Tyson argued that SORA was unconstitutional as applied to him. He asserted that

> at the time he committed his predicate offense in Texas, there was no requirement in Indiana that a thirteen-year-old register as a sex offender because the offender was required to do so in Texas and that, therefore, he did not have fair warning of the sex offender registry penalty at the time he committed his offense in Texas. He further argue[d] that, to impose a registration requirement upon him based on the 2006 amendment of SORA that changed the definition of sex offender in Indiana violated the prohibition on ex post facto laws.

*Id*. at 1075-76.

We disagreed, concluding that

> Tyson had fair warning and notice that when he moved to Indiana and subjected himself to Indiana's laws, that he was required to register as a sex offender. No new duty was imposed on Tyson as he was already required to register in Texas, and the legal requirement that such registration continue upon his relocation to Indiana already existed at the time of his move in 2009 as SORA had changed in 2006. Therefore, Tyson's status as a sex offender was not triggered by moving to Indiana; it merely maintained the status as it was. His requirement to continue registration as it already existed was triggered when Tyson chose to subject himself to Indiana law by moving to Indiana. Because Tyson had fair warning of the registration requirement, SORA was not an ex post facto violation as applied to Tyson.

*Id*. at 1076-77. *See also Sewell*, 973 N.E.2d at 102 (holding that 2006 statute prohibiting certain offenders from residing within 1000 feet of youth program center was not unconstitutional ex post facto law as applied to defendant who committed child molesting in 2001 and moved within 1000 feet of church with youth program center in 2011 "because [his] residency decision occurred after the enactment of the statute"; "The fact that an element of a crime '"draws upon antecedent facts"' does not make [the statute] an ex post facto law. *United States v. Hemmings*, 258 F.3d 587, 594 (7th Cir. 2001) (quoting *Cox v. Hart*, 260 U.S. 427, 435, 43 S. Ct. 154, 67 L. Ed. 332 (1922)).").

Even more recently, another panel of this Court relied on *Tyson* in a substantially similar case involving a registered sex offender from Michigan. In

*State v. Zerbe*, No. 49A05-1410-MI-463, 2015 WL 3451956 (Ind. Ct. App. May 29, 2015), the petitioner

> was convicted of a felony sex offense in Michigan in 1992. After he was released from prison in 1999, he was required by Michigan law to register as a sex offender for twenty-five years.… In 2012, Zerbe moved to Indiana. Under SORA, he was required to register as a sex offender in Indiana for the remainder of the period required by Michigan law. Zerbe filed a petition to remove his designation as a sex offender, claiming that SORA is an unconstitutional ex post facto law as applied to him because it was enacted after he committed the Michigan offense and did not give him "fair warning that his conduct would result in a penalty requiring him to register as a sex offender." The State opposed Zerbe's petition, which the trial court granted.

*Id.*, slip op. at *1 (quoting Appellant's App. at 5).

[17] The State appealed. In urging this Court to affirm, Zerbe cited the same cases on which Bushee now relies: *Wallace v. State*, 905 N.E.2d 371 (Ind. 2009), *Burton v. State*, 977 N.E.2d 1004 (Ind. Ct. App. 2012), *trans. denied* (2013), *Andrews v. State*, 978 N.E.2d 494 (Ind. Ct. App. 2012), *trans. denied* (2013), and *State v. Hough*, 978 N.E.2d 505 (Ind. Ct. App. 2012), *trans. denied* (2013). The majority found these authorities "inapposite, at best" and presumed that our legislature sought to avoid both the "absurd result" of Zerbe decreasing his punishment by moving to Indiana and an influx of out-of-state offenders migrating to Indiana in order to eliminate their registration requirements. *Id.* at *3. The majority agreed with the State that "'the date of the commission of the crime was dispositive in *Wallace*, but it is not here,' and that, as in *Tyson*, we 'should consider the date that Zerbe moved to Indiana … as the relevant date for the ex post facto analysis.'" *Id.* (quoting Appellant's Br. at 12). Because

Zerbe was presumed to know his registration obligation under Indiana law when he moved here and because SORA merely required him to fulfill his existing registration obligation under Michigan law, the majority held that SORA was not unconstitutional as applied to him.

We see no reason to depart from the reasoning of the unanimous *Tyson* panel and the *Zerbe* majority in this case. Because Bushee was already required to register as a sex offender as a condition of his parole under Virginia law,[5] no new duty was imposed by SORA when he moved to Indiana. He also had fair warning of SORA's registration requirement before he moved, and therefore SORA is not unconstitutional as applied to him. Consequently, we affirm the trial court's denial of Bushee's petition.[6]

Affirmed.

Brown, J., and Pyle, J., concur.

---

[5] Whether Virginia's registration requirement is an ex post facto violation is an issue for a Virginia court to decide. The State notes that "Virginia, following federal precedent and the precedent of most other states, does not consider the retroactive imposition of a registration requirement on sex offenders to violate its constitution's prohibition on ex post facto laws." Appellee's Br. at 24 n.7 (citing *Kitze v. Commonwealth*, 475 S.E.2d 830, 834 (Va. Ct. App. 1996), *cert. denied* (1997)).

[6] Bushee also argues that the trial court erred in granting the Sheriff's cross-motion for summary judgment because the court heard evidence at the hearing on his petition that was not designated by either party on summary judgment. This argument is well taken but essentially moot given our affirmance of the denial of Bushee's petition. For the same reason, we reject his claim that Indiana Code Section 11-8-8-22 does not apply to him.