## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 26 2019, 9:57 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark K. Leeman
Leeman Law Office and Cass County
Public Defender
Logansport, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Robert J. Henke
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In the Matter of the Termination of the Parent-Child Relationship of K.G., Mother, D.B., Father,[1] and N.G. and B.B., Minor Children,

K.G.,

*Appellant-Respondent,*

v.

Indiana Department of Child Services,

June 26, 2019

Court of Appeals Case No.
18A-JT-3024

Appeal from the
Cass Circuit Court

The Honorable
Leo T. Burns, Judge

Trial Court Cause Nos.
09C01-1806-JT-9
09C01-1806-JT-10

---

[1] We note that, although Father's parental rights were also terminated, he does not join in this appeal. However, under Indiana Appellate Rule 17(A), a party of record in the trial court shall be a party on appeal.



*Appellee-Petitioner.*

**Kirsch, Judge.**

K.G. ("Mother") appeals the juvenile court's order terminating her parental rights to her minor children, N.G. and B.B. Mother raises the following restated issue on appeal: whether the clear and convincing evidence burden of proof in termination of parental rights cases is unconstitutional because it violates the Indiana Constitution.

We affirm.

## Facts and Procedural History

Mother and D.B. ("Father") are the parents of N.G., born in 2009, and B.B., born in 2013 (together, "Children"). In June 2017, the Indiana Department of Child Services ("DCS") removed Children from the home of Mother and Father and filed a petition alleging Children to be children in need of services ("CHINS"), which alleged, among other things, that: (1) Mother and Father engaged in acts of domestic violence in the presence of Children; (2) Mother presented with various sores on her face and neck; (3) Father presented with

various sores on his calves and ankles; (4) parents admitted a history of methamphetamine use; (5) Father admitted to recent use of prescription medication without a valid prescription; (6) a child in the home tested positive for methamphetamine; (7) Mother admitted using methamphetamine with Father in the home; and (8) Father refused drug screens. *Exs.* 1-A, 2-A. A hearing took place where Mother admitted that Children were CHINS, and a dispositional decree was entered, ordering Mother to engage in various services and comply with directives from the juvenile court. *Exs.* 1-H, 2-H. On June 6, 2018, DCS filed a petition to terminate Mother's parental rights to Children. Following a fact-finding hearing, the juvenile court issued an order terminating Mother's parental rights to Children. Mother now appeals.

## Discussion and Decision

[4]     Mother's sole argument on appeal is that the burden of proof standard for termination of parental rights in Indiana is unconstitutional.[2] When we review the constitutionality of an Indiana statute, "the statute comes before us afresh, 'clothed with the presumption of constitutionality until clearly overcome by a contrary showing.'" *State v. Buncich*, 51 N.E.3d 136, 141 (citing *Zoeller v. Sweeney*, 19 N.E.3d 749, 751 (Ind. 2014) (quoting *Boehm v. Town of St. John,* 675

---

[2] Mother does not challenge the juvenile court's findings of fact. Therefore, these unchallenged findings stand as proven. *See Madlem v. Arko*, 592 N.E.2d 686, 687 (Ind. 1992) ("Because Madlem does not challenge the findings of the trial court, they must be accepted as correct."). Likewise, Mother does not challenge the juvenile court's conclusions and has, therefore, waived any argument as to the sufficiency of the conclusions. *See In re J.E.*, 45 N.E.3d 1243, 1244 n.1 (Ind. Ct. App. 2015) (citing to *A.D.S. v. Ind. Dep't of Child Servs.*, 987 N.E.2d 1150, 1156 n.4 (Ind. Ct. App. 2013), *trans. denied*), *trans. denied*.

N.E.2d 318, 321 (Ind.1996))). We resolve all doubts in favor of the legislature, and therefore, if there are multiple interpretations, we will choose the path that upholds the statute. *Id.* The party seeking to strike down the statute bears the burden of proof, and that burden is particularly heavy where, as here, the party challenges the statute on its face. *Id.* In such a situation, "the claimant must show 'no set of circumstances under which the statute can be constitutionally applied.'" *Id.* (quoting *Baldwin v. Reagan*, 715 N.E.2d 332, 337 (Ind. 1999)).

[5] Indiana Code section 31-34-12-2 provides that "a finding in a proceeding to terminate parental rights must be based upon clear and convincing evidence." Mother contends that the "clear and convincing" standard in termination cases is unconstitutional under Article 1, Section 12 of the Indiana Constitution, which provides in relevant part that "[a]ll courts shall be open; and every person, for injury done to him in his person, property, or reputation, shall have remedy by due course of law." She contends that the burden of proof should be "beyond a reasonable doubt" based on possible injuries to reputation that could arise from a termination case because terminating parental rights is among the most damaging injuries that the State can inflict on a person's reputation.

[6] In *Santosky v. Kramer*, the United States Supreme Court held that, in termination proceedings, a "clear and convincing evidence" standard of proof "adequately conveys to the factfinder the level of subjective certainty about his factual conclusions necessary to satisfy due process." 455 U.S. 745, 769 (1982). The Court further held "that determination of the precise burden equal to or greater than that standard is a matter of state law properly left to state

legislatures and state courts." *Id.* at 769-70. As a result of *Santosky*, Indiana adopted the clear and convincing standard as its burden of proof in cases terminating parental rights. *See Ellis v. Knox Cty. Dep't of Pub. Welfare*, 433 N.E.2d 847, 848 (Ind. Ct. App. 1982). Our court has previously found that the clear and convincing burden of proof standard in termination cases does not violate any constitutional rights. *See*, *e.g.*, *Castro v. State Office of Family & Children*, 842 N.E.2d 367, 377 (Ind. Ct. App. 2006), *trans. denied*; *In re Wardship of R.B.*, 615 N.E.2d 494, 497 (Ind. Ct. App. 1993), *trans. denied*.

[7]     In the present case, Mother asserts that proceedings in which parental rights are terminated demand the highest level of proof because termination of parental rights is one of the most damaging injuries that can be inflicted on a person's reputation, and the Indiana Constitution demands the highest level of proof for injuries to reputation. However, "[t]he legislature has wide latitude in defining the existence and scope of a cause of action and in prescribing the available remedy." *KS&E Sports v. Runnels*, 72 N.E.3d 892, 896 (Ind. 2017). Therefore, our legislature was within its right to determine the burden of proof in termination cases to be the clear and convincing standard. We conclude that Mother has not shown that the clear and convincing standard of proof violates the Indiana Constitution.

[8]     Affirmed.


Vaidik, C.J., and Altice, J., concur.