ATTORNEYS FOR APPELLANT
Gregory F. Zoeller
Attorney General of Indiana

Kyle Hunter
Deputy Attorney General

ATTORNEYS FOR APPELLEE
Joel M. Schumm
Paul T. Babcock
Indiana University Robert H. McKinney School of Law
Indianapolis, Indiana



FILED

Feb 25 2016, 2:04 pm

CLERK
of the supreme court,
court of appeals and
tax court

## In the
## Indiana Supreme Court

No. 49S05-1509-MI-529

STATE OF INDIANA,

*Appellant (Plaintiff below),*

v.

SCOTT ZERBE,

*Appellee (Defendant below).*

Appeal from the Marion County Superior Court, No. 49D13-1403-MI-9780
The Honorable Timothy W. Oakes, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 49A05-1410-MI-463

**February 25, 2016**

**Massa, Justice.**

In an opinion handed down today, <u>Tyson v. State</u>, we concluded that the Indiana Sex Offender Registration Act's amended definition did not violate our Constitution's prohibition against ex post facto laws as applied to an offender with an out-of-state obligation to register. We reach the same conclusion here. Because Scott Zerbe was required to register as a sex offender in

Michigan, we find maintaining that requirement in Indiana does not retroactively punish him. Thus, we reverse the trial court's grant of Zerbe's petition to remove his designation.

**Facts and Procedural History**

In Michigan in 1992, Scott Zerbe was convicted of criminal sexual conduct with a minor. Two years later, both Michigan and Indiana enacted laws requiring convicted sex offenders to register with local law enforcement. Mich. Comp. Laws § 28.721 et seq. (1994); 1994 Mich. Pub. Acts 1522–26; Ind. Code § 11-8-8-7 et seq. (Supp. 2015); 1994 Ind. Acts 307–18 (originally codified at Ind. Code § 5-2-12-1 et seq.). Pursuant to Michigan's Act, upon his release from prison in 1999, Zerbe was required to register as a sex offender for 25 years. Mich. Comp. Laws § 28.725(3), (11).

In 2006, our General Assembly amended the definition of sex offender in Indiana's Act to include "a person who is required to register as a sex offender in any jurisdiction." 2006 Ind. Acts 2318. In 2012, Zerbe moved to Indiana, where he was obligated to register for the remainder of his Michigan registration period. Ind. Code § 11-8-8-7(a), -19(f). In 2014, however, Zerbe petitioned for removal from the registry, arguing that enforcing the requirement would be an ex post facto violation contrary to Indiana Constitution Article 1, Section 24 as applied to him because at the time he committed the underlying offense, neither Michigan nor Indiana had adopted Sex Offender Registration Acts. After a hearing, the trial court granted Zerbe's petition.

The State appealed, and in a divided opinion, our Court of Appeals reversed. State v. Zerbe, 32 N.E.3d 834, 839 (Ind. Ct. App. 2015). The majority found that at the time he moved, Zerbe had sufficient notice he would be required to register as a sex offender in Indiana, and in any event, that requirement imposed no additional burden on him given his obligation to do the same in Michigan. Id. at 837–38. The dissent, relying on Wallace v. State, 905 N.E.2d 371 (Ind.

2

2009), would have found an ex post facto violation because Zerbe committed the underlying crime two years before Indiana's Act went into effect. Zerbe, 32 N.E.3d at 839 (Baker, J., dissenting).

We granted Zerbe's petition to transfer, thereby vacating the opinion below. State v. Zerbe, 37 N.E.3d 493 (Ind. 2015) (table); Ind. Appellate Rule 58(A).

## Standard of Review

A person required to register in Indiana may petition the court to remove the sex offender designation or lessen the registry requirements based on a claim that the application of the law constitutes ex post facto punishment. Ind. Code § 11-8-8-22(j). It is the petitioner that bears the burden of proving he is entitled to relief. Ind. Code § 11-8-8-22(h). As a challenge brought under our Indiana Constitution, we review the outcome below without deference, and we resolve all doubts in favor of the legislature. Zoeller v. Sweeney, 19 N.E.3d 749, 751 (Ind. 2014). Because Zerbe makes an as-applied challenge, he need only show the statute is unconstitutional "on the facts of [the] particular case." Meredith v. Pence, 984 N.E.2d 1213, 1218 n.6 (Ind. 2013).

## The Statute Poses No Ex Post Facto Violation as Applied to Zerbe.

Zerbe does not dispute that he fits our definition of sex offender under Indiana Code section 11-8-8-5(b)(1) and thus has a statutory duty to register here for the duration of his Michigan requirement. Ind. Code § 11-8-8-7(a), -19(f). His argument is that, as applied to him, enforcing this obligation would amount to retroactive punishment violating Indiana's prohibition against ex post facto laws. Today in Tyson v. State, we upheld this same amended definition, finding it non-punitive in intent and effects when applied to an offender already required to register in another jurisdiction. But Zerbe distinguishes his case from Tyson's: when Tyson committed his offense in 2001, Texas had a registration requirement in place, whereas when Zerbe committed his offense

3

ten years earlier, neither Michigan nor Indiana had enacted any registration laws.  We do not find this fact compels a different outcome.

The Supreme Court of the United States has determined registration as a sex offender is part of a "civil regulatory scheme"; thus, the retroactive application of such a requirement does not offend the Federal Ex Post Facto Clause.  Smith v. Doe, 538 U.S. 84, 105–06 (2003).  We, however, came out the other way—under our own Constitution and as applied to an offender who committed his sex crime in 1988, six years before any registration requirement existed in Indiana.  Wallace, 905 N.E.2d at 384.  Zerbe argues that because he committed his sex crime before 1994, he is just like Wallace.  But here, it is not Zerbe's *crime* that triggers his obligation to register as a sex offender in Indiana; rather, it is his *Michigan registry requirement* that does so.  Although Michigan's Act was not yet in effect when Zerbe committed the underlying offense, Michigan courts have determined its Act can apply retroactively to offenders like Zerbe.  People v. Pennington, 610 N.W.2d 608, 609 (Mich. Ct. App. 2000) ("[W]e conclude that the legislation in issue, directed at protecting the public and having no punitive purpose, does not violate the prohibition against ex post facto laws."); see also People v. Golba, 729 N.W.2d 916, 927 (Mich. Ct. App. 2007); In re Spears, 645 N.W.2d 718, 721 (Mich. Ct. App. 2002).[1]  It is simply not for us

---

[1] It appears the Michigan Supreme Court has recently granted an appeal considering this very question.  People v. Temelkoski, 872 N.W.2d 219 (Mich. 2015) (order) (directing the parties to brief, among other issues, "whether the requirements of the Sex Offenders Registration Act (SORA), MCL 28.721 et seq., amount to 'punishment'").  Should it find the Michigan Act does amount to punishment that cannot be applied retroactively, we presume Zerbe would have a strong ex post facto challenge to his Michigan requirement that would be appropriate to bring in Michigan, the state that imposed that requirement on him upon his release there.

4

to second-guess the legitimacy of Michigan's registry requirement as it applies—albeit retroactively—to Zerbe.[2]

Instead, the scope of our analysis is limited to determining whether the 2006 definitional amendment to our Act imposes a punitive burden on Zerbe beyond that which the State of Michigan has already imposed. In answering this narrow question, we see no reason the intent-effects test in this case ought to lead to any outcome other than the one we reached in Tyson: although the amended definition results in the affirmative obligation to notify another state government and in potential exposure to increased stigma, the significant responsibilities with respect to Zerbe's registration are merely maintained across state lines, to be fulfilled where he currently lives and works. In light of the Act's regulatory purpose to protect the public from repeat sex offenders—no matter what jurisdiction determined sex offender status was warranted—we find the amended definition is non-punitive as applied to Zerbe, and as such, we find it does not offend our Ex Post Facto Clause.

---

[2] Zerbe relies on Burton v. State, a case with very similar facts, asking us to strictly focus on the date of the underlying crime rather than what triggers the Act's application, his valid registry requirement. 977 N.E.2d 1004 (Ind. Ct. App. 2012), trans. denied, 985 N.E.2d 339 (Ind. 2013) (table) (4–1, Rush, J., voting to grant). In Burton, the offender committed a sex offense in 1987, Illinois enacted its Sex Offender Registration Act in 1996, and under the 2006 amended definition of sex offender (the same one at issue in this case), the offender was required to register here upon moving in 2009. Id. at 1006–07. In finding an ex post facto violation pursuant to Wallace, our Court of Appeals stated, "It is for us, not Illinois, to determine who is required to register under our SORA." Id. at 1009. We do not disagree with that particular statement. Indeed, our General Assembly has quite clearly determined who is required to register: the statute directs us to defer to other states' sex offender designations, apparently in an effort to protect our own residents. Ind. Code § 11-8-8-5(b)(1). But we do find Burton was wrongly decided, because where another state has determined an individual must register as a sex offender under its laws, we will not substitute its state constitutional analysis with our own.

## Conclusion

Because Zerbe was already under an obligation to register and the statute did not impose any additional punishment, we see no ex post facto violation.  We reverse.

Rush, C.J., and Dickson, Rucker, and David, JJ., concur.