*Thomas Andrew Dietrich v. State of Maryland*, No. 1388, September Term, 2016, Opinion by Thieme, J.

**CONSTITUTIONAL LAW**
**MENTAL HEALTH**
Requiring sex offender, who had been required to register as a sex offender in Virginia, to register upon moving to Maryland, did not violate state constitutional prohibition against ex post facto laws because statute was not applied to sex offender retroactively; it was the date that he moved to Maryland, not the date of the offenses, that determined his obligation to comply with the Maryland statute.

Circuit Court for Baltimore City
Case No. 24-C-15-004523

REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 1388

September Term, 2016

_____

THOMAS ANDREW DIETRICH

v.

STATE OF MARYLAND

_____

Graeff,
Friedman,
Thieme, Raymond G., Jr.
   (Senior Judge, Specially Assigned),

JJ.

_____

Opinion by Thieme, J.

_____

Filed: December 5, 2017

In August 2015, Dietrich filed a complaint for declaratory judgment against the State of Maryland and the Maryland Department of Public Safety and Correctional Services (collectively "the State") in the Circuit Court for Baltimore City seeking the following relief:

A.  That this [c]ourt determine and adjudicate the duties of the parties with respect to registration as a Tier III sex offender;

B.  That this [c]ourt determine that [Dietrich] should never have been made to register as a sex offender;

C.  That this [c]ourt declare the Sex Offender Registry laws enacted after [his] conviction and providing for retroactive application, unconstitutional as applied to [him.]

D.  That this [c]ourt order [the State] to remove [Dietrich] from all sex offender registries . . . [.]

The State filed an answer to the complaint, and both parties filed motions for summary judgment. Following a hearing, the circuit court granted the State's motion for summary judgment and denied Dietrich's motion. Dietrich presents the following questions for our review:

1.  Did the [circuit] court err in granting summary judgment to [the State]?

A.  Does *Doe v. Department of Public Safety & Correctional Services*, 430 Md. 535 (2013)[(*Doe I*)] apply to Mr. Dietrich?

B.  Is Mr. Dietrich's continued presence on the Maryland Sex Offender Registry a violation of the Privileges and Immunities Clause? [1]

---

[1] Dietrich presented an additional question in his brief: "Is Maryland's offense of third degree sexual offense equivalent to the Virginia charges of aggravated sexual battery?" Because Dietrich failed to include any argument on this issue in his brief, we deem it waived and decline to review it. *See Health Svcs. Cost Review Comm'n v. Lutheran Hosp. of Md., Inc.*, 298 Md. 651, 664 (1984)("[A] question not presented or

Continued . . .

For the reasons set forth below, we shall affirm the judgment of the circuit court.

## BACKGROUND

In May 1994, Dietrich was indicted in the Circuit Court for Fairfax County, Virginia for thirteen counts of aggravated sexual battery. The indictment was amended in June 1994 to charge eight counts of aggravated sexual battery, two counts of attempted aggravated sexual battery, and three counts of possession of child pornography for acts alleged to have occurred in 1993. In August 1994, Dietrich pleaded guilty to all of the amended counts and was sentenced to thirty years' incarceration followed by a period of supervised probation.

The Virginia Sex Offender and Crimes Against Minors Registry Act ("Virginia Act") requires those convicted of a "sexually violent offense" to register for life. *See* Va. Code. Ann. §§9.1-902, 9.1-908. Under the Virginia Act, Dietrich's convictions for aggravated sexual battery constitute "sexually violent offenses." *See* Va. Code Ann. §§9.1-902 (E)(1)(providing that a "sexually violent offense" includes a violation of Va. Code Ann. §18.2-67.3 (aggravated sexual battery)). On August 5, 1994, Dietrich was registered as a "violent sex offender" on the Virginia Sex Offender and Crimes Against Minors Registry. Dietrich was released from prison after serving fifteen years of his sentence.

---

argued in an appellant's brief is waived or abandoned and is, therefore, not properly preserved for review.") *Accord Bert v. Comptroller of the Treasury,* 215 Md. App. 244, 269 n. 15 (2013).

In March 2009, Dietrich moved to Maryland, where he completed his supervised probation. At that time, Maryland required registration for those offenders who met the definition of "child sexual offender" and who, before moving to Maryland, were required to register in another state for an offense occurring before July 1, 1995. *See* Maryland Code (2001, 2008 Repl. Vol.), Criminal Procedure Article ("C.P.") §11-701(c)(2) and (4). Pursuant to C.P. §11-707(a)(4), a child sexual offender was required to register for life. On March 4, 2009, Dietrich registered as a child sexual offender in Maryland.

## DISCUSSION

### I.

### Standard of Review

In reviewing a trial court's decision on a motion for summary judgment where there are no facts in dispute, this Court must determine whether the circuit court correctly entered judgment as a matter of law. *La Belle Epoque, LLC v. Old Europe Antique Manor, LLC*, 406 Md. 194, 209 (2008)(citation omitted). When the issue before us requires the interpretation and application of Maryland law, we "must determine whether the [circuit] court's conclusions are legally correct under a *de novo* standard of review." *See Dep't of Pub. Safety & Corr. Servs. v. Doe*, 439 Md. 201, 219 (2014) (*Doe II*) (reviewing circuit court's order for declaratory judgment under a *de novo* standard of review).

3

## II.

## Ex Post Facto Challenge (*Doe I*)

Dietrich argues that the circuit court erred in concluding that he must register as a sex offender in Maryland because the offenses for which he was convicted in Virginia occurred in 1993, prior to the enactment of the Maryland Sex Offender Registration Act (the "Maryland Act" or "the statute") in 1995. Specifically, Dietrich contends that the statute, as applied retroactively to him, violates his rights under Article 17 of the Maryland Declaration of Rights[2] and the Court of Appeals' decision in *Doe I,* 430 Md. 535.

The State responds that the trial court properly granted summary judgment in its favor because at the time Dietrich moved to Maryland, the sex offender registration statute mandated registration for any child sex offender who was required to register in another state for an offense occurring before July 1, 1995. The State argues that because the lifetime registration requirement existed before Dietrich came to Maryland, he was on notice when he chose to move to Maryland that he would be required to register as a sex offender for life in Maryland.

---

[2] Article 17 of the Maryland Declaration of Rights provides:

> That retrospective Laws, punishing acts committed before the existence of such Laws, and by them only declared criminal, are oppressive, unjust and incompatible with liberty; wherefore no *ex post facto* Law ought to be made; nor any retrospective oath or restriction be imposed, or required.

Md. Decl. of Rts., Art. 17.

In 1995, the General Assembly first enacted the Maryland Act, which provided for a single classification of sex offenders, and required that offenders register annually for ten years from the date of their release from prison. 1995 Md. Laws, Chap. 142. *See Doe I*, 430 Md. at 545. The Maryland Act applied prospectively to sex offenders who committed their crimes after the statute went into effect on October 1, 1995. *Id.*; 1995 Md. Laws, Chapter 142, § 3.

In 1998, the Maryland Act was amended to add a registration requirement "for certain offenders and sexual offenders who, before moving into this State, were required to register in another state for certain offenses occurring before certain dates." 1998 Md. Laws, Chap. 521. The 1998 amendment applied retroactively to child sex offenders "required to register in another state for an offense occurring before October 1, 1995 and to other registrants required to register in another state for an offense occurring before July 1, 1997. *Id*. § 2.

The Maryland Act was again amended in 2009 and 2010. *See Doe I*, 430 Md. at 546 (citing 2009 Md. Laws, Chap. 541, 2010 Md. Laws Chaps. 174, 175). Relevant to this discussion is the 2010 amendment, which created a three-tiered classification system of sex offenders in order to bring Maryland into compliance with the requirements of federal Sex Offender Registration and Notification Act ("SORNA"). *See Doe II*, 439 Md. at 223-24; C.P. § 11-701(l) (2001, 2008 Repl. Vol, 2013 Cum. Supp.). The 2010 amendment to the Act, among other things, reclassified persons, such as Dietrich, from a "child sexual offender" to a "Tier III sex offender." The Act defined a "Tier III sex offender" as a "person who has been convicted of . . . committing a violation of § 3-

5

307(a)(3) . . . of the Criminal Law Article[.]" *See* C.P. § 11-701(q)(2)(2009 Cum. Supp.). The amendment required Tier III offenders to register in person with law enforcement personnel every three months for life. *Id.* § 11-707(a)(4)(iii).

When Dietrich moved to Maryland in 2009, he was required to register as a child sex offender under C.L. §11-701(c)(2)(2008 Repl. Vol.) due to his lifetime registration requirement in Virginia. The registration period for a child sex offender was life. C.P. §11-707(a)(4) (2008 Repl. Vol.). In 2010, Dietrich was reclassified as a Tier III sex offender under §11-701(q)(1)(2015 Supp.). The registration period for a Tier III sex offender is also life. C.P. §11-707(a)(2)(i), (a)(4)(iii) (2015 Supp.).

Dietrich argues that his case is controlled by the Court of Appeals' decision in *Doe I*, in which the Court held that retroactive application of the 2009 and 2010 amendments to the Maryland Act violated the prohibition against *ex post facto* laws contained in Article 17 of the Maryland Declaration of Rights. *Doe I*, 430 Md. at 547. In *Doe,* a former teacher pleaded guilty in 2006 for a sex offense committed during the 1983-84 school year. *Id.* at 538. As a result of the retroactive application of the 2009 amendment to the sex offender registration statute, sex offenders, like Doe, who were convicted on or after October 1, 1995, for an offense that occurred before that date, were required to register for the first time. *Id.* at 540. Doe argued that the registration requirement would invalidate his guilty plea because he had no notice that he would have to register as a sex offender when he entered into the plea agreement in 2006. *Id.* at 541.

In a plurality opinion, the Court of Appeals held that "requiring [Doe] to register as a result of the 2009 and 2010 amendments violates the prohibition against *ex post facto*

6

laws contained in Article 17 of the Maryland Declaration of Rights." *Id*. at 547. The Court explained that "[b]ased on principles of fundamental fairness and the right to fair warning within the meaning of Article 17, retrospective application of the sex offender registration statute to Petitioner is unconstitutional." *Id*. at 553.

Unlike the petitioner in *Doe I*, Dietrich's obligation to register as a sex offender in Maryland was due to his lifetime registration requirement in Virginia. At the time Dietrich moved to Maryland in 2009, he was subject to compliance with the Maryland sex offender statute that was in effect at that time. In Dietrich's case, it was the date that he moved to Maryland, not the date of the offenses, that determined his obligation to comply with the Maryland statute. Because Dietrich was obligated to register for life under Virginia law when he moved to Maryland, the Maryland sex offender registration statute was not applied to him retroactively. As the State points out, even if sex offender registration were punitive, and this Court has recognized that it is not, *see In re Nick H.*, 224 Md. App. 668, 690-91 (2015)(citing *Young v. State*, 370 Md. 686, 712 (2002)), the sex offender registration statute does not impose any additional punishment on Dietrich. Rather, the statute simply continues Dietrich's registration obligation from Virginia, which would have remained in effect had he remained in Virginia.

We consider the facts of the present case to be analogous to those of *State v. Zerbe*, 50 N.E.3d 368 (Ind. 2016). In *Zerbe*, a sex offender who had committed a sex offense in Michigan in 1992, was required, under Michigan law, to register as a sex offender for twenty-five years upon his release from prison in 1999. *Id*. at 369. In 1994, both Michigan and Indiana enacted sex offender registration laws. *Id*. The Indiana

7

statute was amended in 2006 to require registration of "a person who is required to register as a sex offender in any jurisdiction." *Id*. (quoting 2006 Ind. Acts 2318). After moving to Indiana in 2012, Zerbe challenged his status as a sex offender as an *ex post facto* violation of the Indiana Constitution because, at the time he committed the underlying offense, neither Michigan nor Indiana had adopted sex offender registration laws. *Id*.

The Supreme Court of Indiana upheld Zerbe's registration requirement, holding that "it is not Zerbe's *crime* that triggers his obligation to register as a sex offender in Indiana; rather, it is his *Michigan registry requirement* that does so." *Id*. at 370. (Emphasis in original). The court further explained that the scope of its analysis was limited to "determining whether the 2006 definitional amendment to our Act imposes a punitive burden on Zerbe beyond that which the State of Michigan has already imposed." *Id*. To that end, the court concluded that, "although the amended definition results in the affirmative obligation to notify another state government and in potential exposure to increased stigma, the significant responsibilities with respect to Zerbe's registration are merely maintained across state lines, to be fulfilled where he currently lives and works." *Id*. at 371.

In the present case, as in *Zerbe*, Dietrich was on notice of the Maryland registration requirement at the time he moved to Maryland. Because Dietrich was already under a lifetime registration requirement, the Maryland statute imposed no additional punishment on him. Accordingly, requiring Dietrich to comply with the Maryland sex offender statute is not an *ex post facto* violation.

8

## III.

## Privileges and Immunities Clause

Dietrich argues that requiring him to register as a sex offender in Maryland based solely on his obligation to register in Virginia violates his right to interstate travel under the Privileges and Immunities Clause of the Fourteenth Amendment to the United States Constitution. The State responds that Dietrich failed to include this argument in his complaint for declaratory relief, and accordingly, this issue is not preserved for review. *See* Maryland Rule 8-131(a)("Ordinarily, the appellate court will not decide any other issue unless it plainly appears . . . to have been raised in or decided by the trial court[.]").

Dietrich's complaint in the circuit court alleged that the Maryland Act, as applied to him, violated Article 17 of the Maryland Declaration of Rights and that the "application of the October 1, 2010 law [to him] violates his procedural and substantive rights to due process under the Fourteenth Amendment to the United States Constitution and Article 24 of the Maryland Declaration of Rights."[3] In his opposition to the State's motion for summary judgment and cross-motion for summary judgment, Dietrich raised the argument for the first time that the application of the Maryland Act to him violated his right to interstate travel guaranteed by the Privileges and Immunities Clause of the Fourteenth Amendment.

A trial court's authority to act in a case is "limited by the issues framed by the pleadings." *Gatuso v. Gatuso*, 16 Md. App. 632, 637 (1973). As a result, a trial court has

---

[3] Dietrich did not address this "due process" claim at summary judgment and has not advanced this argument on appeal.

"no authority, discretionary or otherwise, to rule upon a question not raised as an issue by the pleadings[.]" *Id.* at 633; *accord Early v. Early*, 338 Md. 639, 658 (1995); *Ledvinka v. Ledvinka,* 154 Md. App. 420, 429 (2003). *See also Liberty Mut. Ins. Co. v. Ben Lewis Plumbing, Heating & Air Conditioning, Inc.*, 121 Md. App. 467, 476-77 (1998) ("[B]oth this Court and the Court of Appeals require that a claim or defense be asserted with sufficient particularity to put the opposing party on fair notice of both the basis of the claim and the relief sought."), *aff'd*, 345 Md. 452 (1999). Because Dietrich failed to allege in his complaint for declaratory judgment that the Maryland Act violated his right to interstate travel, that claim is unpreserved, and we shall not review it.

**JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE CITY AFFIRMED. COSTS TO BE PAID BY APPELLANT.**