FILED

Apr 09 2020, 10:47 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Scott A. Norrick | Curtis T. Hill, Jr. |
| Anderson, Indiana | Attorney General of Indiana |
| | David A. Arthur |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Trent Dean McPhearson, | April 9, 2020 |
| *Appellant-Petitioner,* | Court of Appeals Case No. 19A-MI-3035 |
| v. | Appeal from the Madison Circuit Court |
| State of Indiana, | The Honorable Angela Warner Sims, Judge |
| *Appellee-Respondent* | Trial Court Cause No. 48C01-1801-MI-51 |

**Baker, Judge.**

[1]   In early 2018, Trent McPhearson filed a petition to have his name removed from the Indiana Sex Offender Registry, serving notice of this petition only on the Madison County Prosecuting Attorney. Following an April 23, 2018, hearing on the matter, the trial court granted McPhearson's petition for removal. Shortly thereafter, on May 17, 2018, the Deputy Attorney General intervened on behalf of the Department of Correction (DOC) and filed a motion to correct error, arguing that the Attorney General's office had not been given notice as required by statute. On June 3, 2018, the trial court granted the Deputy Attorney General's motions, thereby vacating the order for removal. Following a subsequent April 9, 2019, removal hearing, the trial court denied McPhearson's petition for removal on December 4, 2019. Now, McPhearson appeals, arguing that the trial court erred by (1) granting the Deputy Attorney General's[1] motions to intervene and correct error; and (2) denying his petition for removal. Finding no error on either front, we affirm.

# Facts

[2]   On March 27, 1998, McPhearson pleaded guilty to gross sexual assault in the state of Maine. Following his release from incarceration on January 17, 2003, McPhearson was required to register as a sex offender in Maine and in Indiana, where McPhearson has since resided. At the time of McPhearson's release,

---

[1] As with most opinions, we traditionally refer to the Attorney General and its attendant officers as "the State." However, in this case, because numerous entities representing the State are present and because the question of which entity should have been notified of and involved in these proceedings strikes at the heart of McPhearson's case, we will refer to the individual officers by their official titles throughout this opinion.

Maine required sex offenders to register for life, whereas Indiana required them to register only for ten years. In 2006, Indiana amended its sex offender registration statutes by requiring certain sexual offenders, depending on the nature and circumstances of their crimes, to register for life. McPhearson admitted that his crime in Maine consisted of "touching the victim's vagina with [his] hand and with his penis[.]" Tr. Vol. II p. 6. Subsequently, McPhearson continued to register as a sex offender in Indiana in compliance with these changes.

[3] However, in 2015, the Maine appellate courts found that the state's statutory sex offender registry requirements as applied to individuals like McPhearson— who had been convicted before 1999—were unconstitutional because they violated ex post facto principles. Accordingly, McPhearson was removed from Maine's sex offender registry on July 28, 2015.

[4] On January 18, 2018, McPhearson filed a petition for removal from Indiana's Sex Offender Registry. He served his petition solely on the Madison County Prosecuting Attorney. The trial court set the matter for an April 23, 2018, hearing, notifying only McPhearson's counsel and the Madison County Prosecutor's Office. Following the hearing, and without objection from the Madison County Prosecuting Attorney, the trial court granted McPhearson's petition for removal and notified the DOC for the first time.

[5] On May 17, 2018, the Deputy Attorney General appeared on behalf of the DOC and filed motions to intervene in the proceedings and to correct error,

both of which the trial court granted on June 3, 2018. Consequently, the trial court vacated its order granting McPhearson's petition for removal. A new hearing took place on April 9, 2019. On December 4, 2019, the trial court denied McPhearson's petition for removal.[2] McPhearson now appeals.

# Discussion and Decision

## I. Motions to Intervene and Correct Error

[6] First, McPhearson argues that the trial court erred when it granted the Deputy Attorney General's motions to intervene and correct error. Specifically, McPhearson contends that pursuant to Indiana statutory law, he and the trial court had to provide notice of his petition only to the local prosecutor's office and not to the Attorney General's office. This is an issue of statutory interpretation, and "[o]ur usual standard of review for the interpretation of statutes is de novo." *Cooper v. State*, 760 N.E.2d 660, 664 (Ind. Ct. App. 2001).

[7] Pursuant to Indiana Code section 11-8-8-22(e):

> (e) After receiving a petition [for removal] . . . , the [trial] court *may*:
>
>> (1) summarily dismiss the petition; or
>>
>> (2) give notice to:
>>
>>> (A) the department;

---

[2] The record does not indicate why there was such a lengthy delay between the April 9, 2019, hearing and the trial court's December 4, 2019, order.

> (B) the attorney general;
>
> (C) the prosecuting attorney of:
>
>> (i) the county where the petition was filed;
>>
>> (ii) the county where offender was most recently convicted of an offense listed in section 5 of this chapter; and
>>
>> (iii) the county where the offender resides; and
>
> (D) the sheriff of the county where the offender resides;
>
> and set the matter for hearing. The date set for a hearing must not be less than sixty (60) days after the court gives notice under this subsection.

(Emphasis added).

[8] We have previously analyzed this statutory section and held that "the trial court *must* either summarily dismiss [the petition] or give notice to several government actors and set the matter for a hearing before proceeding." *In re State of Ohio Conviction Against Gambler*, 939 N.E.2d 1128, 1131-32 (Ind. Ct. App. 2011) (emphasis added). Stated another way, it is a requirement—not a suggestion—that a trial court ensure that four government officers are notified of a petition for removal before a hearing on that petition is held.[3]

---

[3] Despite his best efforts, McPhearson is incorrect in his interpretation of this statute. Here, the word "may" does not imply that a trial court can choose whether to give notice to the department, the attorney general, the prosecuting attorney, and the county sheriff. Rather, the term "may" allows a trial court to affirmatively

And in this case, the trial court initially failed to do just that. McPhearson admitted that when he originally filed his petition for removal, he notified only the Madison County Prosecuting Attorney. And even the trial court admitted that it did not provide notice to the DOC, the Attorney General's office, or the county sheriff. Those parties were not notified until after the trial court granted McPhearson's petition, and that was done only to have those actors remove McPhearson's name from the registry. As such, when the Deputy Attorney General filed its motion to intervene, the trial court took the right step by correcting its own error, vacating the removal order, and setting the matter for a later hearing so that all notified parties could appear.

Thus, the trial court did not err when it granted the Deputy Attorney General's motions to intervene and to correct error.[4]

## II. Petition for Removal

Next, McPhearson argues that the trial court erred by denying his petition for removal from Indiana's Sex Offender Registry. Specifically, McPhearson argues that the trial court violated Indiana's prohibition against ex post facto laws

---

do one of two things: summarily dismiss the petition *or* notify the proper government actors and subsequently hold a hearing. After a trial court decides to do one or the other, it has to then abide by all statutory requirements.

[4] McPhearson is correct in pointing out that Indiana Trial Rule 59(A) permits motions to correct error only in limited circumstances involving the discovery of pertinent evidence, excessive jury verdicts, etc. However, Trial Rule 24(A)(1) allows for any party to intervene upon timely motion if a statute confers on them an unconditional right to intervene. And in this case, the Attorney General's office had a right under the removal statute to notice and, consequently, an appearance at McPhearson's removal hearing. The fact that this matter is now being heard on direct appeal further undercuts McPhearson's argument that the proper procedure has not been followed.

because the sex offender registry amendment lengthening his registration requirement is unconstitutional as applied to him. "[W]here, as here, a constitutional violation is alleged, the proper standard of appellate review is de novo." *Dycus v. State*, 108 N.E.3d 301, 304 (Ind. 2018). Additionally, as a reminder, if there is a question regarding statutory interpretation, the standard of review is de novo. *Quinn v. State*, 45 N.E.3d 39, 44 (Ind. Ct. App. 2015). It is the petitioner that bears the burden of proving that he is entitled to relief— namely, removal from the registry. I.C. § 11-8-8-22(h).

[12] There are two different kinds of individuals who, if they have been convicted of sex crimes in other jurisdictions, must register as sex offenders in the state of Indiana: (1) those who are required to register as a sex offender in any other jurisdiction; and (2) those who have committed a crime "under the laws of another jurisdiction, including a military court, that is substantially equivalent to any of the offenses listed in this subsection." Ind. Code § 11-8-8-4.5(a)(22), -4.5(b)(1). The first provision does not apply to McPhearson because Maine determined that he would no longer have to register as a sex offender there. As such, we will focus solely on the second provision.

[13] The offenses listed in this statutory subsection include sexual battery. *Id.* at § 11-8-8-4.5(a)(10). A person commits sexual battery in Indiana when he—with the intent to arouse or satisfy his own sexual desires or the sexual desires of another person—touches another person when that person is compelled to submit to the touching by force or the imminent threat of force, or is so mentally disabled or deficient that consent to the touching cannot be given. Ind. Code § 35-42-4-8(a).

Pursuant to Maine Code section 17-2-11-253(1)(A) and -253(2)(C), a person commits gross sexual assault when he engages in a sexual act with another person and that other person submits as a result of compulsion *or* the other person suffers from a mental disability or otherwise has been rendered incapable of giving consent. And from what we know about McPhearson's criminal offense in Maine, it consisted "of touching the victim's vagina with McPhearson's hand and with his penis[.]" Tr. Vol. II p. 6. Therefore, in looking at the record and the similarities between the two criminal statutes, we find that McPhearson committed a crime in another jurisdiction substantially equivalent to the offense of sexual battery in Indiana.

[14] In other words, McPhearson is required to register in Indiana not based on his previous obligation to register in Maine—which no longer exists—but rather because he was convicted of a crime in Maine that is substantially equivalent to a sexual offense proscribed under Indiana law. And he was *always* required to register as a sexual offender in Indiana on that basis alone, irrespective of his registration status in Maine. As such, McPhearson cannot rely on the Maine appellate courts' decision that removed him from Maine's sex offender registry to say that his requirement to register for life in Indiana automatically violates ex post facto principles.[5] This will require a separate analysis.

---

[5] Thus, despite McPhearson's contentions, our Supreme Court's decision in *State v. Zerbe*, 50 N.E.3d 368 (Ind. 2016), does not easily parallel with McPhearson's situation. In *Zerbe*, the defendant was required to register solely based on his conviction from the state of Michigan. *Id.* at 369. Here, McPhearson was

[15]    Under Article 1, Section 24 of the Indiana Constitution, "[n]o ex post facto law, or law impairing the obligation of contracts, shall ever be passed." "An ex post facto law is one that 'imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed.'" *Rogers v. State*, 958 N.E.2d 4, 7 (Ind. Ct. App. 2011) (quoting *Wallace v. State*, 905 N.E.2d 371, 377 (Ind. 2009)). In this instance, we must determine whether, as applied to McPhearson, the Indiana sex offender registry amendment that increased the registration requirement from ten years to life violates ex post facto principles. We find that it does not.

[16]    Our Supreme Court's decision in *Tyson v. State*, 51 N.E.3d 88 (Ind. 2016), is instructive for our analysis. In that case, Tyson had been adjudicated delinquent in the state of Texas in 2002 for crimes that would be aggravated sexual assault and indecency and was required to register as a sex offender in that state for twelve years. *Id.* at 89. Tyson later moved to Indiana in 2009. *Id.* In 2012, he was pulled over for driving with an expired license plate. *Id.* The police ran a search of Tyson's record and discovered that he had not registered as a sex offender in Indiana. *Id.* After first determining that Tyson did, in fact, fall under the definition of a sexual offender in Indiana, our Supreme Court then turned to whether requiring him to register here as a sex offender would violate ex post facto principles.

independently required to register because he had pleaded guilty to committing a crime in Maine substantially equivalent to that proscribed in Indiana.

The *Tyson* Court held that "[t]he principle fundamental to this [ex post facto] prohibition is that people have a right to fair warning of the criminal penalties that may result from their conduct." *Id.* at 92. And for those who have already had to register as sex offenders before the Indiana amendments were passed and even for those who already had to register in other jurisdictions, "the challenged amendments merely lengthened that requirement." *Id.* at 96. Indeed the *Tyson* Court definitively held that:

> Finding Tyson merely maintained his sex offender status across state lines, we conclude he has failed to show the amended definition retroactively punishes him in violation of our Constitution's prohibition against ex post facto laws.

*Id.; see also Jensen v. State*, 905 N.E.2d 384, 394 (Ind. 2009) (holding that the amendment to Indiana's sex offender registry act lengthening the mandatory registration period for offenders from ten years to life did not violate ex post facto principles as applied to a criminal defendant who had already been on notice about registering and had already been required to register).

This analysis likewise applies to McPhearson's case. We have already determined that McPhearson is required to register as a sex offender and that he must maintain that registration in Indiana by virtue of the nature of the crime to which he had pleaded guilty in Maine, not simply because he had to register in Maine. Further, we found that McPhearson had committed in Maine what

would be sexual battery in Indiana, a serious sexual crime.[6] And because he was already on notice of his registration requirements by the time he moved to Indiana, McPhearson was fully aware of his obligation to register.[7] Therefore, he would also have been on notice of the sex offender registry amendment, which, as we have held before, does not violate ex post facto principles under the Indiana Constitution for those who have committed certain egregious sex crimes and who have already been subject to these Indiana laws.

[19] Thus, in evaluating Indiana precedent and the particular circumstances of McPhearson's case, we find that the trial court did not err when it denied his petition for removal.

[20] The judgment of the trial court is affirmed.

Bradford, C.J., and Pyle, J., concur.

---

[6] *See generally* I.C. § 11-8-8-19(d).

[7] In fact, McPhearson continued to register as a sex offender in Indiana beyond 2013, the year in which his previously-prescribed ten-year registration period would have terminated. This further undercuts any contention by McPhearson that he was blindsided by the 2006 amendments and was never on notice of his obligation to register for life.