FILED

Jun 27 2023, 8:45 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Daniel K. Whitehead
Yorktown, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

David A. Arthur
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Kevin Allen Holladay,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent*

June 27, 2023

Court of Appeals Case No.
22A-MI-2633

Appeal from the Madison Circuit Court

The Honorable Scott A. Norrick, Judge

Trial Court Cause No.
48C05-2104-MI-159

**Opinion by Judge Weissmann**
Judges Bailey and Brown concur.

**Weissmann, Judge.**

[1] Fifteen years ago, the Commonwealth of Kentucky required Kevin Holladay to register as a sex offender for 20 years for his conviction of a sex crime against a minor. Without registering in Kentucky, Holladay moved to Indiana and registered here. Thereafter, he petitioned the court to remove him from Indiana's sex offender registry, arguing that his Kentucky crime does not render him a sex offender under the Indiana Code and that requiring him to register is both an ex post facto punishment and a violation of the Indiana Constitution's Privileges and Immunities Clause. We affirm the trial court's denial of Holladay's petition for removal from Indiana's sex offender registry.

## Facts

[2] In 2008, Holladay was convicted in Kentucky of sexual abuse in the second degree. Under the Kentucky Penal Code, "A person is guilty of sexual abuse in the second degree when . . . [h]e or she is at least eighteen (18) years old but less than twenty-one (21) years old and subjects another person who is less than sixteen (16) years old to sexual contact." KRS § 510.120(1)(a). A defendant convicted of this crime is required to register under Kentucky's Sex Offender Registration Act. KRS § 17.500(5)(a)(2) (defining "registrant" as one who has committed "[a] criminal offense against a victim who is a minor"); KRS § 17.500(3)(9) (specifying that a "criminal offense against a victim who is a minor" includes "[s]exual abuse, as set forth in KRS 510.120").

[3] As Holladay describes his crime, "[t]here was no rape, no criminal deviate conduct, child molesting, child exploitation, vicarious sexual gratification, child solicitation or child seduction charged."[1] App. Vol. II, p. 49. Holladay pleaded guilty and received a one-year executed sentence with five months suspended to probation. Although the Kentucky court ordered Holladay to register for 20 years, he never did so.

[4] Holladay moved to Indiana at some point after his conviction. And once in Indiana, Holladay placed his name on the sex offender registry. In April 2022, Holladay petitioned an Indiana trial court to have his name removed from the Indiana sex offender registry. The trial court denied Holladay's request.

## Discussion and Decision

[5] Holladay makes three arguments on appeal. First, he argues that his registration as a sex offender in Indiana violates the strictures of Indiana Code § 11-8-8-5 because the statute does not specifically delineate his Kentucky offense as a crime requiring registration. Second, he contends that his registration constitutes an ex-post facto punishment in violation of Article 1, Section 24 of the Indiana Constitution. And third, he asserts that his registration infringes the Privileges and Immunities Clause of Article 1, Section 23 of the Indiana Constitution. These claims present questions of law that we consider de novo.

---

[1] As Holladay failed to include in the record any documentation of this crime beyond its Kentucky cause number—which, given that it yields no results when searched, is presumably incorrect—any further details of the crime are unknown.

*Tyson v. State*, 51 N.E.3d 88, 90 (Ind. 2016). For his constitutional arguments, Holladay brings as-applied challenges, meaning "he need only show the statute is unconstitutional 'on the facts of the particular case.'" *State v. Zerbe*, 50 N.E.3d 368, 369 (Ind. 2016) (quoting *Meredith v. Pence*, 984 N.E.2d 1213, 1218 n.6 (Ind. 2016)).

## I. Statutory Analysis

[6] To begin, Holladay argues that because his Kentucky crime is unlike any of the specifically listed offenses in Indiana Code § 11-8-8-5(a), the Indiana Legislature did not intend him to be on the sex offender registry due to his out-of-state registration. Our reading of the statute, however, convinces us that the out-of-state registration requirement independently requires his registration, regardless of any similarities, or lack thereof, with the crimes specifically listed there.

[7] We follow a well-trodden path when confronted with questions of statutory interpretation. "Our primary goal in interpreting statutes is to determine and give effect to the Legislature's intent." *Adams v. State*, 960 N.E.2d 793, 798 (Ind. 2012). From the start, "[t]he best evidence of that intent is a statute's text." *Id.* And "when a statute is clear and unambiguous, we must apply the plain and ordinary meaning of the language." *Id.*

[8] Indiana law requires that any "sex or violent offender" must be placed on the sex offender registry. Ind. Code § 11-8-8-7(a)(1). The definition of a "sex or violent offender" is provided by Indiana Code Section § 11-8-8-5. As explained by the Indiana Supreme Court:

> Indiana Code section 11-8-8-5[] defines "sex or violent offender" in two parts. Subsection (a) lists twenty sex crimes in our Indiana Code that, if convicted of any one of them, result in such a classification; subsection (b) adds, "the term includes":
>
> > (1) a person who is required to register as a sex or violent offender in any jurisdiction . . . .

*Tyson v. State*, 51 N.E.3d 88, 91 (Ind. 2016). Thus, in our Supreme Court's own words, subsection (b) "adds" another, alternative registration requirement. Holladay cites no authority and offers no persuasive argument to the contrary. Indeed, his main argument, that reading Indiana Code § 11-8-8-7 "as a whole" reveals the legislature's intent, works against him.

[9] If the legislature had wanted to limit subsection (b) to only those out-of-state crimes comparable to the ones listed in subsection (a), it is fully aware of how to do so. For example, as recently as 2020, the definition of a "sexually violent predator" provided that the out-of-state registration requirement only attached so long as the registrant had committed an offense "substantially equivalent to any of the offenses" listed in the statute. Ind. Code § 35-38-1-7.5(k) (2020); *see also Spencer v. State*, 153 N.E.3d 289, 295-98 (Ind. Ct. App. 2020) (applying Ind. Code § 35-38-1-7.5). This is essentially the language Holladay asks us to insert into the statute. But because adding this language would unquestionably alter both the effect of the statute and the expressed intent of the legislature, we decline to do so. *Ind. Alcohol & Tobacco Comm'n v. Spirited Sales, LLC*, 79 N.E.3d 371, 376 (Ind. 2017) ("We may not add new words to a statute which are not the expressed intent of the legislature.").

[10] Holladay is thus a "sex or violent offender" per the terms of Indiana Code § 11-8-8-7(b)(1).

## II. Ex Post Facto Clause

[11] Holladay next argues that his registration constitutes an ex-post facto punishment under Article 1, Section 24 of the Indiana Constitution.

[12] Article 1, Section 24 provides that "No ex post facto law . . . shall ever be passed." This provision serves to generally prohibit "laws that impose punishment for an act that was not punishable at the time it was committed or imposes additional punishment to that then prescribed." *Crowley v. State*, 188 N.E.3d 54, 58 (Ind. Ct. App. 2022). "The underlying purpose of the Ex Post Facto Clause is to give effect to the fundamental principle that persons have a right to a fair warning of that conduct which will give rise to criminal penalties." *Wallace v. State*, 905 N.E.2d 371, 377 (Ind. 2009).

[13] As Holladay admits, his Kentucky offense and subsequent move to Indiana both occurred in 2008. The legislature enacted SORA in 1994 and amended the statute to include the out-of-state registration requirement in 2006. *State v. Zerbe*, 50 N.E.3d 368, 369 (Ind. 2016). In a pair of cases handed down together, the Indiana Supreme Court held that no violation of Indiana's Ex-Post Facto Clause occurred when offenders had committed their offense before the enactment of SORA, were required to register in their original states, and had moved to Indiana after the out-of-state registration requirement went into effect. *Tyson v. State*, 51 N.E.3d 88, 90 (Ind. 2016); *Zerbe*, 50 N.E.3d at 368. In effect,

the Court found that "maintaining a registry requirement across state lines does not amount to a punitive burden." *Tyson*, 51 N.E.3d at 90. By extension, Holladay is not punitively burdened here.

[14] But undeterred by these cases, Holladay argues that his registration is punitive because, unlike the registrants in *Tyson* and *Zerbe*, he never registered in his original state. To Holladay, this fact transforms his registration requirement from the non-punitive act of merely "maintaining" the registration across state lines at issue in those cases into an additional, affirmative obligation.

[15] Setting aside that there is no ex-post facto violation because Holladay's crime in Kentucky and move to Indiana occurred after the current version of SORA went into effect, we find Holladay's argument unavailing. He asks us to endorse a system in which recently convicted sexual offenders would be in a race to move to Indiana before they could be properly registered to avoid any registration requirement. This would also imply that a sex offender could duck their registration obligation in their original state, move to Indiana, and suddenly claim that registering as a sex offender would be a punitive burden. Holladay deserves no credit for his failure to register in Kentucky.

[16] Given that Holladay faced no more of a punitive burden than the registrants in *Tyson* and *Zerbe*, we find no violation of Indiana's Ex-Post Facto Clause.

## III. Privileges and Immunities Clause

[17] Lastly, Holladay contends that his registration violates Indiana's Privileges and Immunities Clause. Article 1, Section 23 of the Indiana Constitution reads:

"The General Assembly shall not grant to any citizen, or class of citizens, privileges or immunities, which, upon the same terms, shall not equally belong to all citizens."

[18] In his complaint, Holladay claimed only that his registration infringed his constitutional "right to travel" and cited a case involving the Federal Constitution. App. Vol. II, p. 61 (citing *Hope v. Comm'r of Ind. Dep't of Corr.*, 984 F.3d 532 (7th Cir. 2021), *rev'd* 9 F.4th 513 (7th Cir. 2021) (en banc)). The State argues that Holladay waived this issue for failure to raise it before the trial court. We agree.

[19] To avoid waiver, Indiana courts have long required litigants to first raise the issue before the trial court. Here, Holladay neither mentioned Article 1, Section 23 nor offered legal analysis on the issue to the trial court. Indeed, in issuing its order, the trial court did not reference or even hint towards resolving any issue under Indiana's Privileges and Immunities Clause—despite otherwise addressing and answering Holladay's other statutory and Ex-Post Facto Clause arguments. Hence, Holladay waived any relief based on this claim for failure to raise it before the trial court. *Plank v. Cmty. Hosp. of Ind.*, 981 N.E.2d 49, 53 (Ind. 2013) (recognizing the "general rule . . . that failure to challenge the constitutionality of a statute at trial results in waiver of review on appeal"); *see also Stevens v. State*, 691 N.E.2d 412, 429 n.17 (Ind. 1997) (requiring litigants to present "separate legal analysis" of Indiana Constitutional issues to avoid waiver).

[20]     Holladay has failed to show reversible error in the trial court's denial of his petition for removal from Indiana's sex offender registry.

[21]     Affirmed.


Bailey, J., and Brown, J., concur.